**In re STATE AUTO PROPERTY & CA-SUALTY INSURANCE COMPANY and Hotchkiss Family Holdings, Inc. d/b/a Hotchkiss Insurance Agency, Relators.**

No. 05–11–00559–CV.

Court of Appeals of Texas, Dallas.

Aug. 12, 2011.

E. Thomas Bishop, Alexander N. Beard, Bishop & Hummert, P.C., Dallas, TX, for Relators.

Michael G. Sawicki, Sawicki & Lauten LLP, Craig Lanahan Dowis, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, TX, for Real Party in Interest.

Before Justices BRIDGES, FITZGERALD, and MURPHY.

## OPINION

Opinion by Justice BRIDGES.

Relator State Auto Property & Casualty Insurance Company filed this mandamus proceeding complaining of two orders of the trial court. First, State Auto claims the trial judge erred in denying its motion to sever real party in interest Christopher Graeber's extra-contractual claims from his contractual under-insured motorist claim. Second, it complains of the trial judge's order limiting the deposition of Graeber and assessing a preemptive $100 sanction for any question asked at the deposition that violates the court's order. Relator Hotchkiss Family Holdings, Inc. d/b/a Hotchkiss Insurance Agency joined the petition as to the order denying the motion to sever.

In order to obtain mandamus relief, relators must show both that the trial court has abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). We conclude the trial court abused its discretion as to the order limiting Graeber's deposition and imposing sanctions, and relator State Auto has no adequate remedy by appeal. We therefore conditionally grant mandamus relief as to the order granting a protective order and preemptive sanctions. Otherwise, we deny the petition.

Graeber and Kori Anderson were involved in a motor vehicle collision in which

liability was disputed. After Graeber settled his lawsuit against Kori Anderson within Anderson's policy limits, he sued State Auto, two of its adjusters, and his local insurance agent seeking UIM benefits and extra-contractual damages for bad faith and other claims. State Auto moved to sever and abate the UIM claims from the extra-contractual claims. The trial court denied this motion, but ordered separate trials with separate juries, as well as a stay of discovery and proceedings on the extra-contractual claims until the disposition of the UIM claim.

Thereafter, Graeber was served with a notice of deposition, which he moved to quash based on a claim he had been deposed in the underlying suit against Anderson and it would be unduly burdensome, harassing, and duplicative to be "re-deposed" in the UIM lawsuit. State Auto filed a written response to the motion to quash, attaching as evidence two affidavits—one affidavit was from Brent Owen, a claims representative for State Auto and individual defendant in the UIM lawsuit, verifying his lack of knowledge of the prior suit and Graeber's deposition until after Graeber sued Owen; the second affidavit was from Bryan Gallerson, the defense attorney in the Anderson lawsuit who deposed Graeber, verifying his lack of affiliation or contact with State Auto relating to that deposition and the totality of a fifty-nine-page transcript for the one-hour and fifteen-minute deposition. Following a hearing at which no additional evidence was offered, the trial court signed an order allowing State Auto to depose Graeber only as to (1) any diagnosis or treatment he "has had since he gave his prior deposition" in the Anderson lawsuit, (2) "any additional damages he claims to have incurred since the prior deposition; and (3) anything that has happened since the date of the prior deposition." The trial court further ordered that State Auto "shall pay $100 for any question asked of Mr. Graeber that was covered in his prior deposition."

State Auto filed its petition for writ of mandamus complaining of both the order denying its motion to sever and the order limiting Graeber's deposition and awarding preemptive sanctions. The underlying case has been stayed pending resolution of this original proceeding.

■■■ Texas courts have recognized that extra-contractual claims meet all requirements for a severance. Yet, severance remains a matter reserved to the trial court's discretion. *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex.1996) ("Traditionally, severance has been reserved to the trial court's discretion, where we leave it today."). In this case, the trial court ordered that all discovery and proceedings on the extra-contractual claims be stayed while the contractual claims proceeded. The court also ordered that the claims be resolved in separate trials, by separate juries. The only distinction between the trial court's order and a severance would be the physical separation of the claims into a separate file, with a separate cause number, and an additional filing fee. Under these facts, we conclude the trial court did not abuse its discretion and mandamus relief is not warranted.

■■■ Mandamus, on the other hand, will lie to correct a discovery error if the discovery order constitutes a clear abuse of discretion and no adequate remedy exists by ordinary appeal. *Tilton v. Marshall*, 925 S.W.2d 672, 682 (Tex.1996). Denial of discovery that severely compromises a party's ability to present a viable claim or defense at trial renders an appellate remedy inadequate. *Able v. Moye*, 898 S.W.2d 766, 772 (Tex.1995).

Here, State Auto sought the deposition of the plaintiff, Graeber, for purposes of trying the UIM case, a contract dispute. A UIM insurer is under no contractual duty to pay benefits until the insured, here Graeber, obtains a judgment establishing the liability and underinsured status of the other motorist, who was Anderson in the negligence suit below. *Brainard v. Trinity Universal Ins. Co.,* 216 S.W.3d 809, 818 (Tex.2006). While Graeber was entitled to settle, rather than proceed to judgment against Anderson, neither that settlement nor an admission of liability from Anderson establishes UIM coverage. *Id.* A jury could find that Anderson was not at fault or award damages that do not exceed Anderson's liability insurance. *Id.*

While State Auto consented to Graeber's settlement with Anderson, such consent does not constitute a judgment on the merits of that action. *Id.* Further, Graeber has presented no evidence or case law to show State Auto is bound, or to what extent it may be bound, to what occurred in the prior lawsuit. The consent to settlement was to protect the insurer's subrogation rights against the uninsured motorist or any other person legally responsible for Graeber's injuries. *See Dairyland Cnty. Mut. Ins. Co. of Texas v. Roman,* 498 S.W.2d 154, 159 (Tex.1973). State Auto was not a party to the underlying suit.

Graeber, as the party seeking to avoid his deposition, was required to show particular, specific, and demonstrable injury by facts sufficient to justify a protective order. *Garcia v. Peeples,* 734 S.W.2d 343, 345 (Tex.1987). Stated differently, Graeber could not simply make conclusory allegations that the requested discovery was unduly burdensome or duplicative; he was required to produce some evidence supporting his request. *Id.* He produced no evidence. Rather, State Auto presented

evidence that it was not a party to the underlying suit and defense counsel in that suit was not affiliated with, did not communicate with, and did not coordinate with State Auto in any way; one of the individual defendants to the UIM lawsuit was not even aware a lawsuit existed or that Graeber had been deposed until after he was later sued. Although no evidence was offered by Graeber as to what his deposition actually did entail, State Auto's evidence showed the deposition transcript consisted of fifty-nine pages and the deposition lasted just over one hour.

On the totality of this record, including the absence of any showing of undue burden, harassment, or duplication, it was a clear abuse of the trial court's discretion to order that Graeber could be questioned only about (1) any diagnosis or treatment he "has had since he gave his prior deposition" in the Anderson lawsuit, (2) "any additional damages he claims to have incurred since the prior deposition; and (3) anything that has happened since the date of the prior deposition." Additionally, Graeber offers no authority allowing the trial court to order an advance sanction of $100 against State Auto for any question asked in violation of the trial court's order, and we have found none. Rather, sanctions are available for actual abuse of the discovery process after notice and a hearing. *See* TEX.R. CIV. P. 215.3. The award of preemptive sanctions here was an abuse of the trial court's discretion. *See id.; In re Mansell,* 04–99–00556–CV, 1999 WL 792690, at *4 (Tex. App.-San Antonio Oct. 6, 1999, orig. proceeding) (granting mandamus relief when trial court ordered automatic sanctions if certain privileges were asserted at depositions).

The trial court's denial of discovery that prevents a party's ability to present a viable claim or defense at trial renders an

appellate remedy inadequate. *Able,* 898 S.W.2d at 772. The trial court's order here not only prevents discovery that on its face goes to the heart of Graeber's UIM case, but awards sanctions for any attempt to develop a record supporting the need for such discovery. We conclude on this record that State Auto has an inadequate remedy on appeal as to the court's discovery order. Accordingly, we conditionally grant State Auto's petition for writ of mandamus and direct the trial court to vacate the. "Order on Plaintiff's Motion to Quash Defendant's Notice to Take the Oral and Video Deposition of Plaintiff Christopher Graeber and Motion for Protective Order" and render an order denying Graeber's motion to quash based on the record before it at the time of its ruling. The writ will issue only in the event the trial court fails to do so. Otherwise, the petition for writ of mandamus is denied.