COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|--|---|--|
|  | § |  |
|  | § | 08-12-00176-CV |
| IN RE:   STATE FARM MUTUAL | § |  |
| AUTOMOBILE INSURANCE |  | AN ORIGINIAL PROCEEDING |
| COMPANY, | § |  |
|  |  | IN MANDAMUS |
|  | § |  |
|  | § |  |

**OPINION ON MOTION FOR REHEARING**

In this original proceeding, State Farm Mutual Automobile Insurance Company seeks mandamus relief from the trial court's order denying its motion to sever Rosa and Alfonso Durans' breach of contract claim from their extra-contractual claims and abate the extra-contractual claims pending resolution of the breach of contract claim.   We previously issued an opinion and judgment denying mandamus relief with respect to the portion of the trial court's order denying abatement, but conditionally granting mandamus relief with respect to the portion of the trial court's order denying severance.   Arguing that our decision to deny mandamus relief with respect to the portion of the trial court's order denying abatement is contrary to well-established authority considering abatement in uninsured/underinsured cases, State Farm has moved for rehearing only as to that portion of our opinion.   After reviewing the arguments and authorities cited in the motion for rehearing, we agree with State Farm.   Accordingly, we grant the motion for rehearing, withdraw our prior opinion and judgment dated August 8, 2012, and substitute the following in their stead.

## FACTUAL AND PROCEDURAL BACKGROUND

In the underlying action, Rosa Duran was injured when struck by an underinsured motorist while walking through the parking lot of a shopping center. In settling her claim with the underinsured motorist, Rosa accepted from the motorist the full amount of liability insurance the motorist had in force at the time of the accident – $25,000. Asserting that the $25,000 she recovered was insufficient compensation, Rosa made a claim on two separate State Farm policies, one issued to her husband Alfonso Duran and the other to her daughter Cecilia Duran. State Farm offered Rosa $7,500 to settle both claims.

Dissatisfied, the Durans sued State Farm for breach of the insurance policy, violations of Section 17.46 of the Deceptive Trade Practices Act and the prompt payment provisions of Chapter 542 of the Insurance Code, and violations of the common-law duty of good faith and fair dealing. The Durans sought $50,000 in damages – $25,000 from each policy – for Rosa's injuries and for Alfonso's claims of loss of consortium and of household services. Arguing that severance of the Durans' extra-contractual claims from their contract claim and abatement of the extra-contractual claims pending resolution of the contract claim was necessary to avoid the prejudice it would suffer in defending both claims in a single trial, State Farm moved to sever and abate. The trial court denied State Farm's motion.

## MANDAMUS

To obtain mandamus relief from the order denying its motion to sever and abate, State Farm must meet two requirements. State Farm must show that the trial court clearly abused its discretion and that the benefits of mandamus outweigh the detriments to the extent that an

2

appellate remedy is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004)(orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005)(orig. proceeding). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992); *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). However, we are much less deferential when reviewing the trial court's determination of the legal principles controlling its ruling. *See Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled. *Prudential*, 148 S.W.3d at 135. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840.

Absent extraordinary circumstances, mandamus will not issue unless the relator lacks an adequate remedy by appeal. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210-11 (Tex. 2004)(orig. proceeding). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008)(orig. proceeding). Because it depends heavily on circumstances, such a cost-benefit analysis must be guided by principles rather than by simple rules that treat cases as categories. *See id*. In addition, we must consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual

reversal of improperly conducted proceedings." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008)(orig. proceeding), *quoting Prudential*, 148 S.W.3d at 136.

## MOTION TO SEVER AND ABATE

State Farm argues that because it offered to settle the Durans' entire contract claim, the trial court should have severed the Durans' extra-contractual claims from their contract claim and abated the Durans' extra-contractual claims pending resolution of the contract claim, and, by failing to do so, abused its discretion. State Farm further contends that, without severance and abatement, it has no adequate remedy by appeal because it "stands to lose substantial rights by being required to prepare for extra contractual claims that may be rendered moot, and may have not even yet accrued."

### *Standard of Review*

We review an order denying the severance of extra-contractual claims from contract claims and abatement of extra-contractual claims pending resolution of contract claims for an abuse of discretion. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996).

### SEVERANCE

#### 1. Applicable Law

A trial court abuses its discretion if it fails to order a severance "[w]hen all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby, there is no room for the exercise of discretion." *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 683 (1956)(orig. proceeding). Prejudice is not presumed simply because contract claims and extra-contractual claims are joined

4

in the same action; accordingly, severance is not always mandatory. *Allstate Ins. Co. v. Hunter*, 865 S.W.2d 189, 193-94 (Tex.App.--Corpus Christi 1993, orig. proceeding); *Progressive County Mut. Ins. Co. v. Parks*, 856 S.W.2d 776, 778 (Tex.App.--El Paso 1993, orig. proceeding). However, when an insurer moves to sever an insured's extra-contractual claims from a contract claim following its offer to settle the insured's entire contract claim, the trial court must sever the insured's extra-contractual claims from the contract claim because evidence of a settlement offer creates prejudice. *Akin*, 927 S.W.2d at 630; *Tex. Farmers Ins. Co. v. Cooper*, 916 S.W.2d 698, 701, 702 (Tex.App.--El Paso 1996, orig. proceeding)(holding that severance of contract claim from extra-contractual claims is necessary when evidence of a settlement offer is relevant to the extra-contractual claim).

Absent severance, an insurer is presented with a "Catch-22" in that its decision to admit or exclude evidence of a settlement offer jeopardizes the successful defense of the other claim. For instance, in defending against a contract claim, the insurer will insist on exercising its right to exclude evidence of a settlement offer to negate liability. *See Akin*, 927 S.W.2d at 630; *see also* TEX.R.EVID. 408. Conversely, in defending against extra-contractual claims, an insurer will insist on exercising its right to admit evidence of a settlement offer to negate liability. *See Akin*, 927 S.W.2d at 630. Thus, by having to defend against these two types of claims simultaneously and before the same jury absent severance, an insurer is prejudiced to such an extent that a fair trial is unlikely. *Akin*, 927 S.W.2d at 630. Under such a scenario, the trial court has no choice but to sever in order to protect the fairness of the proceedings and the interests of the parties. *See State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex.App.--Houston [14th Dist.] 1992, orig. proceeding).

5

## *Discussion*

## 1. Abuse of Discretion

State Farm asserts that the trial court's order denying severance is contrary to the principles of law set forth above. We agree.

As established above, severance is required when an insurer offers to settle the entire contract claim so as to avoid the unfair and prejudicial dilemma an insurer faces in simultaneously defending against a contract claim and extra-contractual claims. *Akin*, 927 S.W.2d at 630; *Cooper*, 916 S.W.2d at 701, 702. Here, State Farm asserted in its motion and reply, and provided proof to the trial court in the form of letters and affidavits from its claims representative, that it was offering to settle in full each of Rosa's "claim[s] for Underinsured Bodily Injured benefits" and "all damages Rosa … claim[ed]."[1] Because State Farm offered to settle in full Rosa's contract claims and the resulting damages therefrom, severance is required to avoid the unfair and prejudicial dilemma State Farm would face in simultaneously defending against the Durans' contract claim and their extra-contractual claims. *See Akin*, 927 S.W.2d at 630; *Cooper*, 916 S.W.2d at 701, 702.

The Durans respond that severance is improper because their claims brought pursuant to Chapter 542 of the Insurance Code are not separate causes of action subject to severance, but are instead a single cause of action combining an insurer's contractual and statutory liability. In support of their argument, the Durans refer to *Lusk v. Puryear*, 896 S.W.2d 377, 379 (Tex.App.--Amarillo 1995, orig. proceeding). However, the Durans' reliance on *Lusk* is misplaced.

---

[1] The claims representative executed two affidavits. One was attached to State Farm's amended motion to sever and abate. The other, expanded and revised, was attached to State Farm's reply to the Durans' response to its motion.

In *Lusk*, the insured alleged that, by failing to pay benefits timely, the insurer breached the insurance contract and violated the prompt payment provisions of Article 21.55 of the Insurance Code.[2] *Lusk*, 896 S.W.2d at 380. The court held that severance and abatement were improper. *Id*. In so holding, the court reasoned that because damages for untimely payment authorized by Article 21.55 were recoverable for the insurer's failure to pay a claim for which it would be liable under the contract, the insurer's entire liability, both contractually and statutorily, "was put in issue as one cause of action." *Lusk*, 896 S.W.2d at 380.

But this situation is not present here. First, because the claims asserted in this case are different and broader than those brought in *Lusk*, they are distinct claims. In *Lusk*, there was no underlying coverage dispute; rather, the insured alleged that the insurer breached its insurance contract solely by failing to pay benefits timely. Here, the Durans alleged in their petition that State Farm violated Chapter 542 not only by failing to pay their claim promptly, but also by engaging in various acts constituting unfair claim settlement practices, and, furthermore, that State Farm breached its contract by failing to compensate them adequately for their loss. Second, unlike the insurer in *Lusk*, State Farm offered to settle the Durans' contract claim, a fact so significant that it renders *Lusk* inapplicable and mandates resolution of this case pursuant to the authorities cited above.

The Durans also contend that State Farm's settlement offer is so insufficient that it does not entitle State Farm to severance. First, the Durans argue that State Farm is not entitled to severance because by failing to offer to settle their Chapter 542 prompt payment claims and Alfonso's loss of consortium claims, State Farm did not offer to settle "the entire dispute." Contrary to the Durans' assertion, however, determining whether a coverage claim must be

---

[2] Article 21.55 is the statutory predecessor to Chapter 542.

severed from a bad faith claim does not hinge on an insurer's offer to settle the "entire dispute," but rather on an insurer's offer to settle the *contract claim*. *See Akin*, 927 S.W.2d at 630 ("In the absence of a settlement offer on the entire *contract claim*, or other compelling circumstances, severance is not required.")[Emphasis added]; *In re Republic Lloyds*, 104 S.W.3d 354, 358 (Tex.App.--Houston [14th Dist.] 2003, orig. proceeding)("Thus, pursuant to *Akin*, a severance is required when the insurer has made a settlement offer on the entire breach of *contract claim*.") [Emphasis added].

Second, citing to *In re Republics Lloyds*, the Durans argue that State Farm failed to prove that it was entitled to severance because the affidavits and letters from its claims representative do not affirmatively establish that it made an offer to settle the entire contract claim. In *In re Republics Lloyds*, the court held that the insurer's reliance on the insured's proof of loss statement and the check purportedly tendered to them for the amount set out in the statement did not conclusively establish that the insurers offered to settle the entire breach of contract claim. 104 S.W.3d at 359-60. In so holding, the court concluded, in significant part, that the insurers did not meet their evidentiary burden because the check neither contained any release language nor indicated that it was payment in full and because no cover letter accompanied the check to establish that the check was tendered, and, if so, in response to the insured's claims. *Id.* at 359. Here, in contrast, State Farm met its evidentiary burden by providing the trial court with letters and affidavits from its claims representative that conclusively proved that State Farm offered to settle each of Rosa's contractual claims and the resulting damages therefrom.[3]

---

[3] The Durans posit that because State Farm failed to present and offer the second and revised affidavit from its claims representative at the hearing on the motion and instead attached it to a reply submitted after the hearing, it has failed to preserve for appeal its claim that the revised affidavit proves that its "offers were in 'settlement of all damages.'" In support, the Durans cite to *In re Farmers Tex. County Mut. Ins. Co.*, No. 07-11-00396-CV, 2011 WL 4916303 (Tex.App.--Amarillo Oct. 17, 2011, orig. proceeding). However, *In re Farmers* is distinguishable.

Because we agree with State Farm that severance of the Durans' contract claim from their extra-contractual claims is necessary based on the existence of an offer to settle the entire contract claim, we hold that the trial court abused its discretion in denying State Farm's motion to sever.

## 2. Inadequate Remedy

It is undisputed that because an order denying severance is not a final judgment, it is not appealable. *Beckham Group, P.C. v. Snyder*, 315 S.W.3d 244, 245 (Tex.App.--Dallas 2010, no pet.). Mandamus is therefore the appropriate avenue by which a party may seek review of a trial court's order denying severance. *In re Liu*, 290 S.W.3d 515, 518 (Tex.App.--Texarkana 2009, orig. proceeding).

In this case, mandamus relief is appropriate because its benefits outweigh its detriments. As established above, State Farm has a substantial right to have its liability decided without any mention of a settlement offer. *See, e.g., Akin*, 927 S.W.2d at 630; *Cooper*, 916 S.W.2d at 701, 702; *Willborn*, 835 S.W.2d at 262. Severance of the Durans' contract claims from their extra-contractual claims is necessary to preserve that right, and an appeal is insufficient to protect State Farm's right. If State Farm obtains judgment on a favorable jury verdict, it cannot appeal.

There, the insurer filed a plea in abatement requesting the trial court abate all extra-contractual claims until after resolution of the underinsured motorist claim. 2011 WL 4916303, at *1. After holding a hearing on the plea in abatement, the trial court denied the plea on the record. *Id*. One month later, the insurer notified the trial court in a letter that it had made a settlement offer to conclude the entire contract claim. *Id*. Notably, the letter did not request the trial court reconsider its denial of the plea in light of its settlement offer. *Id.,* at *1-2. The court held that the insurer was not entitled to mandamus relief on the ground that it raised on appeal – abatement was necessary after a settlement offer – because this was not the ground it had raised at trial – abatement was necessary after resolution of the underinsured motorist claim. *Id*., at *2. In other words, the insurer failed to preserve its claim on appeal.

Here, unlike the trial court in *In re Farmers*, the trial court never ruled on the motion to sever and abate at the conclusion of the hearing on the motion; rather, it denied the motion approximately six weeks after considering additional briefing from the parties. It was in this additional briefing that State Farm included the affidavit about which the Durans complain on appeal and which the trial court presumably considered in denying the motion. Thus, unlike the insurer in *In re Farmers*, State Farm is not relying upon new evidence it never introduced at trial in support of an argument on appeal that does not comport with its argument at trial. Rather, on appeal, State Farm relies upon the same ground it raised at trial arguing why severance and abatement were necessary – because it made a settlement offer. Accordingly, State Farm has preserved its claim on appeal.

If the Durans obtain a judgment against State Farm on an unfavorable jury verdict, State Farm could not obtain reversal for the incorrect denial of severance unless the court of appeals concludes that the trial court's error "probably caused the rendition of an improper judgment . . . ." TEX.R.APP.P. 44.1(a)(1). There is no guarantee that State Farm can do so. Even if State Farm were to obtain a reversal, its substantial right will have been lost, in part, because only by a second trial will the right be available to it. Accordingly, we hold that State Farm has no adequate remedy by appeal.

## ABATEMENT

### *Applicable Law*

No rule of law mandates that a trial court abate extra-contractual claims when it orders severance of such claims from a contract claim. *See Akin*, 927 S.W.2d at 631 ("Regardless of which party prevails on the contract claim, we disagree than an abatement of the bad faith claim until all appeals of the contract claim are exhausted is required."); *Cooper*, 916 S.W.2d at 702 ("Even where settlement evidence requires separation of contract and bad faith claims, we see no need to create an ironclad rule mandating abatement at any given time."). Rather, in determining whether extra-contractual claims should be abated until a contract claim becomes final, the trial court should abate if abatement will: (1) promote justice; (2) avoid prejudice; and (3) promote judicial economy. *Cooper*, 916 S.W.2d at 701. "It is and remains movant's burden to shown [sic] specifically how it will be prejudiced if abatement is not ordered, and to show concrete evidence of how defending against plaintiff's contract claims clashes with defending against plaintiff's bad faith claims." *Cooper*, 916 S.W.2d at 701.

In a case where an insured asserts a claim for uninsured/underinsured benefits, abatement

10

of the extra-contractual claims is required in most instances. *See In re United Fire Lloyds*, 327 S.W.3d 250, 257 (Tex.App.--San Antonio 2010, orig. proceeding); *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 675 (Tex.App.--Houston [1st Dist.] 1993, orig. proceeding). Abatement is required because of the unique nature of an uninsured/underinsured case. In such a case, an insurer's contractual duty to pay damages to an insured arises only if the insured is "legally entitled to recover" from the uninsured/underinsured motorist. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 815 (Tex. 2006), *citing Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 653-54 (Tex.2000).

An insured is "legally entitled to recover" from the uninsured/underinsured motorist only if the insured establishes the liability and underinsured status of the other motorist and the amount of damages suffered by the insured. *Id.*, *citing Henson*, 17 S.W.3d at 653-54. If an insured is unable to so establish, an insurer "should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits." *In re United Fire Lloyds*, 327 S.W.3d at 256. "Texas insurance law generally conditions recovery for bad faith and extracontractual claims on a recovery for breach of the insurance contract itself." *Smith v. Allstate Ins.*, No. H-03-0651, 2007 WL 677992, at *5 (S.D. Tex. Feb. 27, 2007), *citing Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005); *Liberty Nat'l Fire Ins. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996).

*Discussion*

### 1.  Abuse of Discretion

State Farm asserts that the trial court abused its discretion by failing to abate the Durans'

11

extra-contractual cause of action because "State Farm is under no contractual duty to pay UM/UIM benefits until the [Durans] establish the liability and underinsured status of the other motorist." We agree.

As noted above, abatement of the Durans' extra-contractual claim is required if State Farm establishes that the Durans are not "legally entitled to recover" from the uninsured/underinsured motorist. *See In re United Fire Lloyds*, 327 S.W.3d at 257 (citing *Brainard*); *see also In re Old Am. County Mut. Ins. Co.*, No. 13-11-00412-CV, 2012 WL 506570, *5 (Tex.App.--Corpus Christi Feb. 16, 2012, orig. proceeding)(mem. op.). In their petition, the Durans allege that, with State Farm's consent, Rosa accepted, from the underinsured motorist who struck her, the full amount of liability insurance the motorist had in force at the time of the accident. However, as State Farm correctly points out in its motion for rehearing, a settlement or admission of liability from an uninsured/underinsured motorist does not constitute a judicial determination that the uninsured/underinsured motorist was both at fault and underinsured. *See Brainard*, 216 S.W.3d at 818; *In re State Auto Prop. & Cas. Ins. Co.*, 348 S.W.3d 499, 502 (Tex.App.--Dallas 2011, orig. proceeding). A judicial determination of negligence and damages is what is required to trigger an insurer's duty to pay contractual benefits. *See Brainard*, 216 S.W.3d at 818; *In re State Auto Prop. & Cas. Ins. Co.*, 348 S.W.3d at 502. There has been no judicial determination in this case that the underinsured motorist who struck Rosa was both at fault and underinsured. Because no such determination has been made, it has not been established that the Durans are "legally entitled to recover" from the underinsured motorist. Until the Durans establish that they are legally entitled to recover from the underinsured motorist who struck Rosa, State Farm is under no contractual duty to pay uninsured/underinsured benefits to them. Accordingly, abatement of the

Durans' extra-contractual claims is required.

The Durans contend that "State Farm's reliance on . . . *Brainard* . . . for the proposition that abatement is required for all extra-contractual claims is unfounded" and urge us instead to follow our decision in *Cooper* wherein we refused to create an ironclad rule mandating abatement at any given time, even if severance of contract and bad faith claims was required. However, we again decline to create an ironclad rule depriving the trial court of discretion to deny abatement, regardless of the facts and circumstances, in every case. Under the facts of this case, State Farm has specifically shown, as required by *Cooper*, that it would be immediately prejudiced if the Durans' extra-contractual claims are not abated. *See Cooper*, 916 S.W.2d at 700-03. As noted above, the Durans' pleadings inadequately allege that State Farm had a previous contractual duty to pay them underinsured damages, and absent State Farm's liability under the policy, the Durans cannot maintain their extra-contractual claims. *See Boyd*, 177 S.W.3d at 922 (holding that an insured's recovery for extra-contractual claims is conditioned on recovery for breach of the insurance contract itself). Accordingly, it would be unjust, prejudicial, and inconvenient to require State Farm to defend against the Durans' extra-contractual claims until State Farm's liability under the policy has been determined. It is therefore appropriate to abate the Durans' extra-contractual claims until such a determination has been made.

In their response to State Farm's motion for rehearing, the Durans argue that abatement of their claims against State Farm for failure to pay Med-Pay and PIP benefits in a timely manner is improper because these claims "are not rendered moot by the outcome of the UIM claims." The Durans, however, did not allege in their petition that they suffered damages related to claims for the untimely payment of Med-Pay and PIP benefits. Instead, the Durans alleged in their petition

13

that they suffered damages when State Farm, among other bases, "denied or delayed payment on these claims when there was no reasonable basis for such denial or delay" and "failed to attempt, in good faith, to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear." When the petition is read in its entirety, it is evident that the claims identified in these allegations refer to the "claim[s] under the 'uninderinsured' motorist provision of the policies in question," for which the Durans "provided . . . all documentation reasonably necessary for [their] evaluation . . . ." Because all of the Durans' extra-contractual claims relate to and are premised on a contractual obligation to pay their underinsured claims, these claims would be rendered moot if it were determined that State Farm was not contractually obligated to pay the underinsured claims. It is therefore appropriate, as established above, to abate the Durans' extra-contractual claims until such a determination has been made.

Because we agree with State Farm that abatement of the Durans' extra-contractual claims is required, we hold that the trial court abused its discretion in denying State Farm's motion to abate.

### 2.  Inadequate Remedy

Mandamus relief is appropriate in this case because its benefits outweigh its detriments. As established above, State Farm has a substantial right not to be required to put forth the expense of conducting discovery, preparing for a trial, and conducting *voir dire* on the Durans' extra-contractual claims that ultimately may be disposed of by their failure to prevail on their contractual claim. *See In re United Fire Lloyds*, 327 S.W.3d at 257; *In re Old Am. County Mut. Ins. Co.*, 2012 WL 506570, at *5. To require that State Farm undertake such action and bear the costs associated with such action would be unjust, prejudicial, and inconvenient. Abatement of

14

the Durans' extra-contractual claims is therefore necessary to preserve that right, and, for the same reasons articulated in our discussion regarding severance, an appeal is insufficient to protect State Farm's right. Accordingly, we hold that State Farm has no adequate remedy by appeal.

## CONCLUSION

For the reasons set forth above, we conclude that State Farm has shown that: (1) the trial court abused its discretion in denying severance of the Durans' extra-contractual claims from their contractual claims and in denying abatement of the extra-contractual claims pending the determination of their contract claim; and (2) it has no adequate remedy by appeal. State Farm is therefore entitled to mandamus relief. Accordingly, we conditionally grant State Farm's petition for writ of mandamus. We hereby direct the trial court to vacate its order denying State Farm's motion for severance and abatement and issue an order severing the Durans' contract claim from their extra-contractual claims and abating their extra-contractual claims pending the determination of their contract claim. Mandamus will issue only if the trial court fails to act within ten days from the date of this opinion.


October 31, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

15