

NUMBER 13-18-00289-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE JOSE MACDONALD GERVACIO AND WORLDWIDE
TECHSERVICES, L.L.C.

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion Per Curiam[1]

Relators Jose MacDonald Gervacio and Worldwide TechServices, L.L.C. filed a petition for writ of mandamus in the above cause. Through this original proceeding, relators seek to compel the trial court to vacate a protective order. The Court requested and received a response from real party in interest, Shirley Jefferson. Thereafter, relators filed a reply.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). Relators bear the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding).

In accordance with these principles, mandamus may issue to correct an erroneous protective order. *See*, *e.g.*, *In re Collins*, 286 S.W.3d 911, 920 (Tex. 2009) (orig. proceeding). Mandamus may be appropriate to review a protective order which erroneously prevents or limits the discovery of relevant information. *In re State Auto Prop. & Cas. Ins. Co.*, 348 S.W.3d 499, 500 (Tex. App.—Dallas 2011, orig. proceeding [mand. dism'd]). Further, mandamus relief may issue when a protective order vitiates a party's ability to present a viable claim or defense. *In re Edge Capital Grp., Inc.*, 161 S.W.3d 764, 770 (Tex. App.—Beaumont 2005, orig. proceeding); *In re Arriola*, 159 S.W.3d 670, 677–78 (Tex. App.—Corpus Christi 2004, orig. proceeding). Mandamus may also be

appropriate to vacate a protective order where the order "thwarts important public policies." *In re Collins*, 286 S.W.3d at 920–21; *see Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987) (orig. proceeding) (conditionally granting mandamus relief to vacate an overly broad protective order which violated public policies regarding shared information).

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, the applicable law, and the record, is of the opinion that relators have not established their right to the relief sought. Accordingly, we deny the petition for writ of mandamus.

PER CURIAM

Delivered and filed the
28th day of March, 2019.