# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-24-00274-CV

---

Manhattan Construction Company,
Appellant

v.

McCaffety Electric Co., Inc.,
Appellee

---

On appeal from the
12th District Court of Walker County, Texas
Judge David W. Moorman, presiding
Trial Court Cause No. 2130130

---

JUSTICE HARRIS delivered the opinion of the Court.

### MEMORANDUM OPINION

**INTRODUCTION**

Manhattan Construction Company ("Manhattan") appeals the trial court's interlocutory order denying its motion to stay the underlying lawsuit and compel arbitration. The suit was filed against Manhattan by appellee McCaffety Electric Co., Inc. ("McCaffety"), who pleaded claims for suit on sworn account, breach of contract, and quantum meruit. Because the parties

expressly delegated arbitrability to the arbitrator, we reverse and remand the trial court's order.

**BACKGROUND**

Manhattan was the general contractor for the construction of an art complex at Sam Houston State University ("SHSU") in Huntsville, Walker County, Texas. McCaffety entered into a Subcontract Agreement (the "Subcontract") with Manhattan to furnish and install all electrical work related to the project. The Subcontract includes a document titled "Manhattan General Provisions" (the "General Provisions"). The arbitration paragraph appears in the General Provisions, under the subheading "**3.5 SETTLEMENT OF DISPUTES**," in the following manner:

> 3.5.2. All disputes between the parties shall be resolved by litigation, in a court of competent jurisdiction, except that Manhattan may, at its sole option, require that any dispute be submitted to arbitration pursuant to the Construction Industry Rules of the American Arbitration Association except that for disputes equal or less than $500,000, a single arbitrator shall be appointed who will be an attorney with at least (10) years of experience in construction law, and for disputes involving $500,000 or more, there shall be three (3) arbitrators with each being an attorney and having at least ten (10) years of experience in construction law. Manhattan shall not be deemed to have waived any right it may have to arbitrate its disputes with Subcontractor by the filing of litigation against Subcontractor and its surety. At Manhattan's request, Subcontractor agrees to join in any motion Manhattan may file seeking stay of any suit pending resolution of any arbitration between Subcontractor and Manhattan. In any arbitration between Subcontractor and Manhattan, pretrial discovery shall be allowed to the full extent as permitted by the local rules of civil procedure in the state in which the project is located.

Manhattan Constr. Co. v. McCaffety Elec. Co., Inc.

Page 2

This agreement was signed by Manhattan and McCaffety.

A dispute arose between McCaffety and Manhattan when Manhattan allegedly refused to pay McCaffety for work installing a conduit. McCaffety filed suit on sworn account, breach of contract, and quantum meruit to recover the unpaid payments.

McCaffety also subcontracted with Convirgent Technologies ("Convirgent") to perform certain installations on the SHSU project. While McCaffety's lawsuit against Manhattan was pending, Convirgent filed suit against McCaffety on December 9, 2021, for allegedly failing to pay for the installations it performed. The trial court granted McCaffety's motion to consolidate Convirgent's claims with McCaffety's on November 3, 2022. The parties do not dispute that Convirgent did not sign the arbitration agreement between Manhattan and McCaffety.

Manhattan moved to compel arbitration and stay the proceedings on November 9, 2021. Convirgent filed a motion for severance on May 21, 2024. On May 30, 2024, McCaffety filed its response to Manhattan's motion to compel arbitration.

McCaffety argued that the trial court could not compel Convirgent to arbitrate as a non-signatory. McCaffety contended that sending McCaffety's claim to arbitration while litigating Convirgent's claim separately would place

Manhattan Constr. Co. v. McCaffety Elec. Co., Inc.

Page 3

a burden on McCaffety and Convirgent.  After several hearings and requests for delay by McCaffety, the trial court issued an order denying both motions on August 14, 2024.  The trial court made no findings or conclusions explaining its denials.  Manhattan then filed a notice of appeal on August 29, 2024.

The sole issue in this appeal is whether the trial court abused its discretion by denying Manhattan's motion to compel arbitration of McCaffety's claims when the arbitration agreement allows Manhattan to submit "any dispute" between McCaffety and Manhattan to arbitration "pursuant to the Construction Industry Rules of the American Arbitration Association."[1]

**STANDARD OF REVIEW AND APPLICABLE LAW**

We review a trial court's order denying a motion to compel arbitration for abuse of discretion.  *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018); *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640–43 (Tex. 2009); *see also Hollingsworth v. Swales*, No. 10-23-00018-CV, 2025 WL 479545 at *2 (Tex. App.—Waco Feb. 13, 2025, pet. filed) (publish).  A trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion.  *See*

---

[1] In its Notice of Appeal, Manhattan cited both the trial court's order denying its motion to compel and the order denying Convirgent's motion to sever as issues on appeal.  However, neither party briefed the issue relating to the order denying severance, and an order denying severance is not an appealable interlocutory order.  "It is undisputed that because an order denying severance is not a final judgment, it is not appealable."  *In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d 229, 236–37 (Tex. App.—El Paso 2012, no pet.).  TEX. CIV. PRAC. & REM. CODE § 51.014 allows a party to appeal certain interlocutory orders, but an order denying a motion to sever is not among them.  TEX. CIV. PRAC. & REM. CODE ANN. § 51.014.  Thus, we do not address the issue of the order denying severance.

Manhattan Constr. Co. v. McCaffety Elec. Co., Inc.

Page 4

*Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations *de novo*. *Henry*, 551 S.W.3d at 115; *Rachal v. Reitz*, 403 S.W.3d 840, 843 (Tex. 2013); *see also Hollingsworth*, 2025 WL 479545 at *2.

The parties do not dispute or address which arbitration act, federal or state, applies here. Because it makes no difference in the disposition of this appeal, we assume without deciding that the Texas Arbitration Act ("TAA") applies to the Subcontract.[2]

**DISCUSSION**

It is well settled that parties can agree to arbitrate "gateway" questions of arbitrability. *HomeAdvisor, Inc. v. Waddell*, No. 05-19-00669-CV, 2020 WL 2988565, at *5 (Tex. App.—Dallas June 4, 2020, no pet.); *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010). These "gateway" questions include all defenses to arbitration, including the arbitration provision's scope. *See Waddell*, 2020 WL 2988565, at *5; *Jackson*, 561 U.S. at 68–69. But because arbitration is a matter of contract, courts must decide in the first instance whether a valid arbitration agreement exists. *TotalEnergies E&P USA, Inc. v.*

---

[2] "Whether a case is governed by the Federal Arbitration Act (FAA) or the TAA, many of the underlying substantive principles are the same." *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 n. 10 (Tex. 2008); *see also LDF Const., Inc. v. Bryan*, 324 S.W.3d 137, 144-45 (Tex. App. —Waco 2010, no pet.) (applying a two-step test determining the validity and scope of an arbitration agreement under the Federal Arbitration Act ("FAA")); *Teal Constr. Co./Hillside Villas Ltd. v. Darren Casey Ints., Inc.*, 46 S.W.3d 417, 420 (Tex. App. —Austin 2001, pet. denied) (applying the same two-step test under the TAA).

Manhattan Constr. Co. v. McCaffety Elec. Co., Inc.

Page 5

*MP Gulf of Mexico, LLC*, 667 S.W.3d 694, 720 (Tex. 2023) (citing *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019)). If a valid agreement exists, and the agreement delegates the arbitrability issue to the arbitrator, a court must enforce the delegation of the arbitrability issue. *Henry Schein, Inc.*, 586 U.S. at 69; *see also TotalEnergies*, 667 S.W. 3d at 720–21.

"The question of whether claims and defenses in a suit are arbitrable is a separate question from which decisionmaker—the courts or the arbitrator—is the one to decide whether the claims and defenses are arbitrable." *CPG 220 Holdings 2014, LLC v. Mulcahy*, 709 S.W.3d 728, 733 (Tex. App.—Austin 2025, pet. filed) (citing *TotalEnergies*, 667 S.W.3d at 701). "The who-decides-arbitrability question must be answered before the arbitrability question itself is answered." *Id.*

## I.    Valid Arbitration Agreement

We must decide in the first instance whether a valid arbitration agreement exists. *TotalEnergies*, 667 S.W.3d at 720. The validity of an arbitration agreement is a legal question subject to *de novo* review. *CPG 220 Holdings 2014, LLC v. Mulcahy*, 709 S.W.3d 728, 733 (Tex. App.—Austin 2025, pet. filed). An arbitration agreement under the TAA must be supported by mutual assent, though it need not meet all the formal requirements of a contract. *Rachal*, 403 S.W.3d at 845; *see also Hollingsworth*, 2025 WL 479545

Manhattan Constr. Co. v. McCaffety Elec. Co., Inc.

Page 6

at *2.  A party usually manifests its assent by signing an agreement.  *Rachal*, 403 S.W.3d at 845; *Mid-Continent Cas. Co. v. Global Enercom Mgmt., Inc.*, 323 S.W.3d 151, 157 (Tex. 2010) (per curiam); *see also Hollingsworth*, 2025 WL 479545 at *2.

Here, Manhattan and McCaffety both signed the Subcontract containing the arbitration provision.  Because the arbitration agreement was signed by both parties and McCaffety raised no specific challenge to the agreement's validity, Manhattan met its burden of proving a valid agreement to arbitrate. *See LDF Const., Inc. v. Bryan*, 324 S.W.3d 137, 144–45 (Tex. App.—Waco 2010, no pet.); *BFS Group, LLC v. Holman*, No. 05-24-00523-CV, 2025 WL 625501, at *6 (Tex. App.—Dallas Feb. 26, 2025, no pet.) ("[T]he uncontested existence of Holman's signature on the arbitration agreement meets the evidentiary standard necessary to prove the prima facie existence of an arbitration agreement.").

## II.    Delegation of Arbitrability

Recently, the Texas Supreme Court addressed the issue of delegating gateway arbitrability issues to an arbitrator.  In *TotalEnergies*, the Court stated,

> [A]s a general rule, an agreement to arbitrate disputes in accordance with rules providing that the arbitrator "shall have the power" to determine "the arbitrability of any claim" incorporates those rules into the agreement and clearly and unmistakably

Manhattan Constr. Co. v. McCaffety Elec. Co., Inc.

Page 7

demonstrates the parties' intent to delegate arbitrability issues to the arbitrator.

*TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*, 667 S.W.3d 694, 712 (Tex. 2023). An agreement that merely refers to the American Arbitration Association ("AAA") or similar rules or permits the parties to request assistance from the AAA does not bind the parties to those rules. *Id*. at 708–09.

In *TotalEnergies*, the Court held that an arbitration agreement expressly stating that arbitration must be conducted "in accordance with" the rules of the AAA incorporated those rules into the agreement as if they were set forth in the agreement itself. *Id*. at 709. The rules were then binding, absent any conflict between the rules and the terms of the agreement. *Id*. The AAA rules, in turn, provided that the arbitrator "shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." *Id*. The Court held that the agreement expressly delegated arbitrability issues to the AAA. *Id*. at 712.

Here, the General Provisions provide that Manhattan may "require that any dispute be submitted to arbitration *pursuant to* the Construction Industry Rules of the American Arbitration Association." (emphasis added). Black's Law Dictionary defines "pursuant to" as "in accordance with," which is the

Manhattan Constr. Co. v. McCaffety Elec. Co., Inc.

exact same language the Texas Supreme Court in *TotalEnergies* found to successfully incorporate the AAA rules. *Pursuant to*, Black's Law Dictionary (8th ed. 2004); *see also Taylor Morrison of Tex., Inc. v. Skufca*, 650 S.W.3d 660, 667, 683 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (holding that arbitration agreement expressly stating disputes "shall be resolved by and *pursuant to* the arbitration rules and procedures" of the AAA delegated arbitrability to the arbitrator. (emphasis added)). Thus, we hold that by using the words "pursuant to," the parties incorporated the Construction Industry Rules of the American Arbitration Association into their agreement. Further, the broad language "any dispute" shows that the AAA rules apply to any dispute between Manhattan and McCaffety, including arbitrability disputes. *See TotalEnergies*, 667 S.W.3d at 712 (holding that "arising out of" language was sufficiently broad to cover arbitrability issues).

In turn, Construction Industry Rule 9(a) of the American Arbitration Association provides "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." AM. ARBITRATION ASS'N CONSTRUCTION INDUSTRY ARBITRATION RULES AND MEDIATION PROCEDURES, R-9(a), 18 (2015). Thus, following the Texas Supreme Court's holding in

Manhattan Constr. Co. v. McCaffety Elec. Co., Inc.

Page 9

*TotalEnergies*, we hold that the parties clearly and expressly delegated arbitrability issues to the arbitrator.

McCaffety's sole argument is that separating the cases by sending McCaffety's claims to arbitration while litigating Convirgent's claims would place a burden on McCaffety. This argument seems to challenge the enforceability of the arbitration agreement. But because the parties clearly delegated arbitrability issues to the AAA, we must respect and enforce the terms of the parties' contract and refer the issue to the arbitrator. *Philadelphia Indem. Ins. Co. v. White*, 490 S.W.3d 468, 471 (Tex. 2016).

## CONCLUSION

We hold that because the parties clearly and unmistakably delegated to the AAA arbitrator the decision of whether the parties' dispute must be resolved by arbitration, the trial court abused its discretion by denying Manhattan's motion to compel arbitration. Accordingly, the trial court's Order Denying Motion to Stay Proceedings and Compel Arbitration is reversed, and this case is remanded to the trial court with instructions to grant Manhattan's motion and compel Manhattan and McCaffety to arbitration.

_____
LEE HARRIS
Justice

Manhattan Constr. Co. v. McCaffety Elec. Co., Inc.

OPINION DELIVERED and FILED:  October 16, 2025
Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Reversed and remanded
CV06



Manhattan Constr. Co. v. McCaffety Elec. Co., Inc.

Page 11