ACCEPTED
03-14-00546-CV
3940906
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/28/2015 9:40:57 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00546-CV

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/28/2015 9:40:57 PM
JEFFREY D. KYLE
Clerk

IN THE THIRD COURT OF APPEALS

AUSTIN, TEXAS

_____

JAMES A. DAVIS & VERONICA L. DAVIS
Appellants,

v.

STATE FARM LLOYDS
Appellee.

_____

From the 345th District Court of Travis County, Texas;
Cause No. D-1-GN-12-004077

_____

**BRIEF OF APPELLEE
STATE FARM LLOYDS**

_____

J. Hampton Skelton
State Bar No. 18457700
Edward F. Kaye
State Bar No. 24012942
SKELTON & WOODY
248 Addie Roy, Bldg. B, Suite 302
Austin, Texas  78746
Telephone: (512) 651-7000
Facsimile: (512) 651-7001

*Counsel for Appellee*                 ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................... I

INDEX OF AUTHORITIES ........................................................................... IV

I.     Statement of the Case ................................................................................ 1

II.    Statement Concerning Jurisdiction ........................................................... 2

III.   Statement Regarding Oral Argument ........................................................ 2

IV.    Issue Presented .......................................................................................... 2

V.     Statement Of Facts .................................................................................... 3

   A. Contradiction of Appellants' Statement of Facts ..................................... 3

   B. Statement of Facts .................................................................................... 4

VI.    Summary of the Argument ......................................................................... 6

VII.   Standard Of Review ................................................................................... 9

VIII.  Argument and Authorities ........................................................................ 10

   A. Appellants Waived Almost Every Argument Presented in their Brief .... 10

   1. Tex. R. Civ. P. 41 allows a trial court to grant a severance on its own
   initiative ........................................................................................................ 13

   2. Judge Triana's May 22, 2013 order granted the relief requested in State
   Farm's Motion to Sever and Abate Extra Contractual Claims.  The only
   claims abated by the order were claims against State Farm in the auto case.
   .......................................................................................................................... 13

      a. State Farm unambiguously moved for the original case to be severed
      into an auto case and a homeowner's case ............................................. 14

      b. The May 22, 2013 order abated claims against State Farm in the auto
      case only. .................................................................................................. 15

c. The record confirms Judge Triana only abated claims in the auto case.. ...............................................................................................16

d. At the October 24, 2013 hearing on State Farm's Motion for Entry of Scheduling Order, Judge Jenkins explained that there was no abatement of any part of the homeowner's case......................................................17

C.    Appellants' Second Issue:  Whether a Scheduling Order which is in all things void may control deadlines emanating from said order. ...................19

D.    Appellant's Third Issue: Whether the refusal to grant an extension of time to designate experts, or modify a docket control order or abate a matter constitutes an abuse of discretion or denial of equal protection under the law. ...............................................................................................22

E.    Appellants' Fourth Issue:  Whether a court may refuse to grant a rehearing on a case in which Appellant has not been allowed the opportunity to be heard...................................................................................................25

F.    Appellants' Fifth Issue: Whether the court committed reversible error in granting summary judgment to Appellee. ...............................................25

1.   The hearing was properly noticed, Appellants admit they received notice of the hearing and, after receipt of notice, Appellants' agreed that the hearing could proceed as noticed............................................................................26

a. Defendant's Motion for Summary Judgment was timely filed and served...................................................................................................26

b.  There was No conflict Preventing Veronica Davis from Attending the June 5, 2014 Summary Judgment hearing.  In fact, she agreed to that hearing date. ...........................................................................................27

2.  Inability to Participate/Denial of Due process refusal to grant Continuance.........................................................................................28

a. Appellant's Contention that She Tried to "Call in" to the hearing is irrelevant...............................................................................................28

b. Appellants' Motion to set aside grant of summary judgment did not contain any evidence or seek leave to file an untimely response to State Farm's summary judgment.................................................................29

c. Appellants failed to allege or demonstrate a need for additional time to produce the evidence required to controvert State Farm's Motion.........30

3.   Improper Summary Judgment Evidence.................................................34

4.   Party Admission.....................................................................................35

5.   Attorneys affidavit in support of summary judgment............................37

G.   Appellants' Sixth issue: Whether the court erred in allowing irrelevant information to support a denial of an extension when said information, pleadings, and argument are violative of the Rules of Professional Conduct for Attorneys.................................................................................................37

CONCLUSION ...................................................................................................38

CERTIFICATE OF COMPLIANCE ..................................................................40

# INDEX OF AUTHORITIES

**Cases**

*Bendigo v. City of Houston,* 178 S.W.3d 112, (Tex. App.-Houston [1st Dist.] 2005, no pet.)..................................................................................................9, 12

*Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006)........................14

*Brewer & Pritchard, P.C. v. Johnson,* 167 S.W.3d 460 (Tex.App.--Houston [14th Dist.] 2005, pet. denied)...............................................................................31

*Comsys Information Technology Services, Inc. v. Twin City Fire Ins. Co.,* 130 S.W.3d 181, 198 (Tex.App.–Houston [14 Dist.] 2003, review denied). ..............................36

*Cire v. Cummings,* 134 S.W.3d 835 (Tex. 2004)......................................................20

*Davis v. West*, 317 S.W.3d 301 (Tex. App.-Houston [1st Dist.] 2009, no pet.).........33

*Dickey v. Jansen*, 731 S.W.2d 581, 583 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.)...........................................................................................34

*Dunn v. Dunn,* 439 S.W.2d 830 (Tex.1969) ..............................................................20

*Ex parte Benitez,* 590 S.W.2d 704 (Tex.1979) ..........................................................20

*Farrell v. Crossland,* 706 S.W.2d 158 (Tex.App.—El Paso 1986, writ dism'd)........34

*Flores v. Flores*, 225 S.W.3d 651, 654-55 (Tex. App.—El Paso 2006, pet. denied).33

*Garcia v. Martinez,* 988 S.W.2d 219 (Tex.1999) ......................................................10

*In re Bill Heard Chevrolet*, 209 S.W.3d 311(Tex. App.-Houston [1st Dist.] 2006, no pet.)................................................................................................ 18, 20

*In Re Lexington Insurance Co.*, 2004 WL 210576, *5 (Tex. App. – Houston [14th Dist.], orig. proceeding [mand. denied])..............................................................22

*In Re State Farm Mutual Automobile Insurance Company*, 395 S.W.3d 229, 236-37 (Tex. App. – El Paso, 2012, orig. proceeding). ....................................................22

*Jackson v. Fiesta Mart,* 979 S.W.2d 68 (Tex. App.-Austin 1998, no pet.) .................9

*King Ranch, Inc. v. Chapman,* 118 S.W.3d 742 (Tex. 2003) ..........................................9

*Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656 (Tex.1995) ...36

*Lochabay v. Southwestern Bell Media, Inc.,* 828 S.W.2d 167(Tex. App.-Austin 1992, no writ) ...................................................................................................................12

*Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402 (Tex.1971)...................... 13, 16, 18

*Madison v. Williamson,* 241 S.W.3d 145 (Tex. App.-Houston [1st Dist.] 2007, pet. denied)......................................................................................... 10, 31, 32

*Martinez v. City of San Antonio,* 40 S.W.3d 587 (Tex. App.-San Antonio 2001, pet. denied)....................................................................................................................31

*McConnel v. Southside ISD*, 858 S.W.2d 337 (Tex. 1993) ................................ 11, 12

*McCord v. Dodds,* 69 S.W.3d 230 (Tex. App.-Corpus Christi 2001, pet. denied).....12

*McMahan v. Greenwood,* 108 S.W.3d 467 (Tex.App.--Houston [14th Dist.] 2003, pet. denied);..................................................................................................................31

*Mercier v. Southwestern Bell Yellow Pages, Inc.,* 214 S.W.3d 770 (Tex. App.-Corpus Christi 2007, no pet.),....................................................................................12

*Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706(Tex.1997). .....................9, 10

*Nichols v. Nichols*, 331 S.W.3d 800 (Tex. App.—Fort Worth 2010, no pet.)............19

*Point Lookout West v. Whorton*, 742 S.W.2d 277 (Tex. 1988) .................................16

*Rest. Teams Int'l, Inc. v. MG Sec. Corp.,* 95 S.W.3d 336 (Tex.App.-Dallas 2002, no pet.)...................................................................................................................31

*Risner v. McDonald's Corp.,* 18 S.W.3d 903 (Tex. App.--Beaumont 2000, pet. denied) ..................................................................................................................22

*Schronk v. Laerdal Medical Corp.*, 440 S.W.3d 250 (Tex. App.--Waco 2013, review denied)..................................................................................................................23

*Specialty Retailers, Inc. v. Fuqua,* 29 S.W.3d 140 (Tex. App.-Houston [14th Dist.] 2000, pet. denied).................................................................................................31

*UMC, Inc. v. Arthur Bros., Inc.,* 626 S.W.2d 819, 820 (Tex.App.-Corpus Christi 1981), writ ref'd n.r.e., 647 S.W.2d 244 (Tex.1982)............................................................20

*Veronica L. Davis v. Toyota Motor Credit a/k/a Toyota Financial Services,* Civil Action No. H-12-0287 in the United States District Court for the Southern District of Texas (Houston Division)..................................................................................28

**Rules**

Tex. R. App. P. 33.1............................................................................... 11, 19, 22

Tex. R. App. P. 38.1..........................................................................................3

Tex. R. App. P. 38.2..........................................................................................3

Tex. R. Civ. P. 166a .............................................................................. passim

Tex. R. Civ. P. 190.3........................................................................................21

Tex. R. Civ. P. 195.2........................................................................................21

Tex. R. Civ. P. 21a ............................................................................... 26, 27

Tex. R. Civ. P. 329 ............................................................................... 19, 25

Tex. R. Civ. P. 41 ................................................................................. 13, 19

Tex. R. Civ. P. Rule 193.6 ...............................................................................23

Tex.R. Civ. P. 252............................................................................................22

\*\*\* Because the reporters record was filed in this court as four separate volumes each marked Volume I, Appellee refers to the reporter's record from each hearing as follows: May 22, 2013 is referred to as 052213RR; October 24, 2014 is referred to as 102413RR; April 17, 2014 is referred to as 041714RR; and October 16, 2014 is referred to as 101614RR.

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellee State Farm Lloyds ("State Farm") respectfully submits this brief in response to the brief of Appellants James A. Davis and Veronica L. Davis ("Appellants").

## I.    STATEMENT OF THE CASE

This is an appeal from a summary judgment in an insurance coverage and bad faith case. Appellants filed suit on December 28, 2012, combining complaints about the handling of claims under their home insurance policy (a 2002 mold claim) and their auto insurance policy (underinsured motorist claims stemming from three auto accidents in 2010 and 2011). The auto-related claims complained of the conduct of both State Farm and an allegedly at-fault driver, Gerald Krouse. On May 22, 2013, the auto claims were severed into a separate lawsuit and assigned a new cause number: Cause No. D-1-GN-13-001724 (referred to herein as "the auto case") in the 250th Travis County District Court. (C.R. 48-50). The auto case has not proceeded to judgment and is not before this Court. The case on appeal ("the homeowner's case") concerns a 2002 mold claim under a homeowner's policy.[1] After well over a year of discovery and motion practice, State Farm moved for summary judgment on

---

[1] Suit was filed on December 28, 2012, after James Davis reached majority age but before limitations on his claim ran. James was not the policyholder, so his narrow claim would require proof that he suffered injury not simply because of mold, but due to State Farm's handling of Veronica Davis's 2002 mold claim.

1

May 14, 2014. (C.R. 462-608). Appellants failed to timely respond to the summary judgment motion and failed to appear at the June 5, 2014 hearing on that motion. Summary judgment was granted in State Farm's favor on June 5, 2014. (C.R. 683). This appeal followed.

## II. STATEMENT CONCERNING JURISDICTION

Appellants moved in this Court to consolidate this matter with cause No. D-1-GN-13-001724 in the 250th Travis County District Court. This Court dismissed Appellants' motion as moot on November 26, 2014. This Court lacks jurisdiction over Cause No. D-1-GN-13-001724.[2]

## III. STATEMENT REGARDING ORAL ARGUMENT

State Farm requests oral argument because of the potential for confusion stemming from Appellants' briefing directed at auto claims that have been severed and because oral argument would be beneficial in explaining the circumstances that led to the granting of summary judgment.

## IV. ISSUE PRESENTED

Is summary judgment proper seventeen months after suit was filed when plaintiffs failed to adduce any evidence to support their claims, failed to timely

---

[2] On October 16, 2014, a month after perfecting this appeal and moving this Court to consolidate this case with Cause No. D-1-GN-13-001724 (the auto case), Appellants set a hearing in the Travis County District Court on Plaintiffs' motion to set aside grant of summary judgment and motion for sanctions in Cause No. D-1-GN-12-004077 (the homeowner's case). The motions in the trial court were denied. (RR 101614 at 1-10).

respond to a summary judgment motion, and failed to appear for the summary judgment hearing?

## V.    STATEMENT OF FACTS

### A.    *Contradiction of Appellants' Statement of Facts*

Pursuant to Tex. R. App. P. 38.1(g) and 38.2 (a)(1)(B), State Farm contradicts the following statements in Appellants' Statement of Facts:

(1)    Complaints about the handling of auto policy claims

Appellants' Statement of facts discusses insurance claims relating to automobile accidents. Those auto policy-related claims were severed into a new cause number. They are the subject of Cause No. D-1-GN-13-001724 in the 250th Travis County Judicial District Court. The auto case against State Farm has been inactive and has not proceeded to judgment. State Farm contradicts the statements at pages 3-5 of Appellants' brief relating to the severed auto policy claims as those claims are not properly before this Court.

(2)    Complaints without any record support

TRAP 38.1(g) provides that the statement "must be supported by record references." The last paragraph of page 4 and the first paragraph on page 5 of Appellant's brief makes the following complaints without citing any record support:

- State Farm Lloyds failed to pay legitimate claims of the Appellants, including mold claims which physically injured Appellant James Davis;

3

- Appellants submitted a mold claim in 2002;

- mold damaged Appellants' home;

- Appellee cancelled other insurance policies on Appellants' home, vehicle and life.

State Farm contradicts these statements because there is no record citation or record support for any of these contentions.

## B.   *Statement of Facts*

Appellants sued State Farm for allegedly mishandling Appellants' 2002 mold claim, resulting in injuries to James Davis.[3]   The record, however, contains no evidence of an insurance policy, a denial or underpayment of a claim, injury or damages from the handling of such a claim or any acts or omissions by State Farm. So there are no facts to recite concerning the factual basis for Appellants' contentions.   This appeal turns on whether the trial court should have granted summary judgment after Appellants failed to introduce evidence to support their claims.  After answering the suit, State Farm attempted to learn the factual basis for Appellants' claims through discovery requests.   State Farm agreed to several extensions, providing Appellants extra time to respond to State Farm's Request for

---

[3] Appellants' Original Petition contained a vague reference to a 2008 wind claim as well. However, in the hearing on the motion to sever, Appellants' counsel, Veronica Davis, clarified that the only homeowner's claim at issue in the case was a 2002 mold claim.  052213 RR 14:13-25.

Disclosure (C.R. 47, 139, 142, 151, 157). When complete answers were not forthcoming, State Farm filed two motions to compel (C.R. 41, 55). The motions were set for hearing but State Farm passed the hearings based on Veronica Davis's assurance that complete discovery responses would be provided. (C.R. 175). When Appellants still did not produce pertinent evidence, including any medical evidence of mold-related injury, State Farm filed a motion for entry of scheduling order that had a deadline for producing medical evidence. (C.R. 63). Appellants, who had chosen to sue in Travis County, responded by filing a motion to transfer venue to Brazoria County. (C.R. 69-72). Appellants' Motion to transfer venue was denied on October 24, 2013. (C.R. 97). State Farm's motion for entry of scheduling order was granted that same day. The scheduling order specified a January 15, 2014 deadline -- more than a year after suit was filed -- for Appellants to produce expert affidavits in support of mold injury claims. (C.R. 95-96 and 102413RR at 01:19 and 18:10-13). After the expiration of this deadline, Appellants filed both a Motion for Extension of time to designate experts (C.R. 101-110) and a motion to abate the case for six months. (C.R. 103). Appellants, who had never sent any discovery requests to State Farm, failed to offer any evidence to establish good cause for missing their expert deadline or justifying additional time to designate their experts. 041714RR at 30:22-39:21. Appellants' motions to extend and to abate were denied on April 18, 2014. (C.R. 311-312). State Farm moved for summary judgment on May 14,

2014, providing Appellants with timely and proper notice. (C.R. 643-649). Appellants neither responded to the motion nor attended the hearing on June 5, 2014. Summary judgment was granted on June 5, 2014.

## VI.   SUMMARY OF THE ARGUMENT

Veronica Davis, serving as counsel for both herself and her son, James, filed this case on December 28, 2012. The suit alleged both auto policy and homeowner's policy claims.  The auto claims were severed into a separate cause number and are not before this Court. Appellants failed to diligently pursue their mold-related homeowner's policy claims.  They sent no discovery whatsoever to State Farm. Instead, Appellants concentrated their efforts on resisting discovery, seeking extensions, moving to transfer venue and moving to abate.  For seven months between February and September of 2013, State Farm repeatedly sought answers to discovery from Appellants as to the facts supporting the mold claims, such as medical records or the identity of experts who would testify that James Davis had suffered any mold-related illness.  Appellants produce no such evidence.  State Farm then sought and the trial court entered a scheduling order on October 24, 2014 that required Appellants to produce evidence to support their claims by January 15, 2014. Despite having over a year from when they filed suit to introduce any evidence to support their claims, Appellants missed the deadline and failed to offer a good faith excuse. State Farm timely served Appellants with a motion for summary judgment

6

and notice of hearing on May 14, 2014, but Appellants failed to timely respond to the summary judgment motion. Appellants also failed to appear at the June 5, 2014 hearing and summary judgment was entered. Appellants filed an untimely response to the summary judgment motion, but in neither that response nor a subsequent motion to set aside the summary judgment, did Appellants offer or point to any proof to support their claims. The record conclusively demonstrates that despite having sued State Farm for the mishandling of a mold claim under a homeowners policy, Appellants failed to place in the record any evidence of:

- a homeowners insurance policy or its terms;

- submission of a claim for mold damages under a homeowners policy;

- denial or wrongful denial of an insurance claim by State Farm;

- failure to pay a claim when liability had become reasonably clear;

- any statements made by anyone at State Farm to Appellants;

- any injury or damages flowing from the handling of an insurance claim;

- any wrongful conduct attributable to State Farm.

Accordingly, summary judgment was the appropriate way to end this case.

On appeal, rather than argue that there was a fact issue that should have precluded summary judgment, Appellants argue that they should not have been required to produce summary judgment proof to controvert State Farm's motion because (1) Appellants thought the case was abated due to an allegedly ambiguous

severance order, or (2) due process concerns required that more extensions should have been granted to Appellants to produce evidence, or (3) Appellants did not have proper notice of the summary judgment hearing. In support of their argument that the case was abated, Appellants argue that the May 23, 2013 severance order is ambiguous and failed to conform to the motion to sever. This argument does not present a basis for reversing the summary judgment and, in any event, is wrong. At the October 24, 2013 hearing on State Farm's Motion for entry of scheduling order, when Appellants argued that the case was abated as a basis to opposed the entry of a scheduling order requiring them to produce proof of mold-related injury, the Hon. Scott Jenkins explained in detail to Appellants' counsel that (a) the homeowners case had not been abated and (b) that the only claims subject to abatement were Appellants' claims against State Farm in the severed auto case. Tellingly, Appellants demonstrated that they knew the homeowner's case was not abated when they filed a motion to abate it on February 3, 2014. Appellants' arguments relating to due process and untimely notice are equally baseless. Issues 1, 2, 3, 4, and 6 in Appellants' brief were never raised in the trial court and were thus waived. Appellants also failed to complain about nearly all of the arguments they include under their issue 5. Appellants' brief fails to raise any legal basis for reversing the summary judgment. In fact, the arguments in Appellants' brief that seek to excuse

their failure to bring forward proof only serve to emphasize that Appellants failed to controvert State Farm's summary judgment motion.

## VII.  STANDARD OF REVIEW

Rule 166a of the Texas Rules of Civil Procedure governs the standard for traditional summary judgment and provides that summary judgment shall be rendered if the interrogatory answers, pleadings, admissions, and affidavits show "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Tex. R. Civ. P. 166a(c).

In a Rule 166a (i) no-evidence summary judgment motion, the movant represents that no evidence exists as to one or more essential elements of the non-movant's claims, on which the non-movant would have the burden of proof at trial. TEX.R. CIV. P. 166a (i). The non-movant then must present evidence raising a genuine issue of material fact on the challenged elements. *Id.*  A no-evidence summary judgment is essentially a pre-trial directed verdict. *Bendigo v. City of Houston,* 178 S.W.3d 112, 113–14 (Tex. App.-Houston [1st Dist.] 2005, no pet.); *Jackson v. Fiesta Mart,* 979 S.W.2d 68, 70–71 (Tex. App.-Austin 1998, no pet.).  On review, the court of appeals ascertains whether the non-movant produced more than a scintilla of probative evidence to raise a genuine issue of material fact.  *Jackson,* 979 S.W.2d at 70–71.  More than a scintilla of evidence exists if the evidence "'rises to a level that would enable reasonable and fair-minded people to differ in their

conclusions.'"  *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex.2003) (quoting *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997)). If the evidence does no more than create a mere surmise or suspicion of fact, less than a scintilla of evidence exists.  *Havner,* 953 S.W.2d at 711.

A trial court's determination of whether an adequate time for discovery has passed is reviewed under an abuse of discretion standard. *Madison v. Williamson,* 241 S.W.3d 145, 155-156 (Tex. App.-Houston [1st Dist.] 2007, pet. denied).  A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner "without reference to any guiding rules or principles." *Madison v. Williamson,* 241 S.W.3d 145, 155-156 (Tex. App.-Houston [1st Dist.] 2007, pet. denied), quoting *Garcia v. Martinez,* 988 S.W.2d 219, 222 (Tex.1999).

## VIII.    ARGUMENT AND AUTHORITIES

### A.    *Appellants Waived Almost Every Argument Presented in their Brief*

Appellants waived the arguments in their issues 1, 2, 3, 4, 6 and most of 5, by failing to raise these issues at all in the trial court.  They never complained or obtained a ruling about the wording of the severance order.  They never argued that the severance order was ambiguous or failed to conform to the pleadings.  They never alleged that statements in the summary judgment motion constitute admissions.  They never sought to introduce proof controverting the summary judgment motion, explain why an adequate time for discovery had not passed, or

10

explain why they needed more time to conduct discovery. They never argued that the summary judgment motion was vague or that State Farm should have preceded the summary judgment motion with special exceptions. Tex. R. App. P. 33.1 states:

(a) *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

In *McConnel v. Southside ISD*, 858 S.W.2d 337, 343 (Tex. 1993) *quoting* Tex. R. Civ. P. 166a(c), the Texas Supreme Court explained: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." The Texas Supreme Court also made clear that a party who claims that a motion for summary judgment is unclear must file a special exception to it:

An exception is required should a non-movant wish to complain on appeal that the grounds relied on by the movant were unclear or ambiguous. *See Lochabay v. Southwestern Bell Media, Inc.,* 828 S.W.2d 167, 170 n. 2 (Tex. App.-Austin 1992, no writ) ("Lochabay did not except to the motion for summary judgment, as he was required to do if he wished to claim lack of specificity.").

*McConnel v. Southside ISD*, 858 S.W.2d 337, 343 (Tex. 1993). In *Mercier v. Southwestern Bell Yellow Pages, Inc.,* 214 S.W.3d 770, 774 (Tex. App.-Corpus Christi 2007, no pet.), the court of appeals elaborated as follows:

The supreme court has made it clear, that, rigorous as it may seem, rule 166a(c) must be applied as written and we are not allowed to review the summary judgment evidence to determine whether grounds (or "issues" when, as in the present case, referring to a non-movant's response) are expressly presented; instead, they must be stated in the written response. *Id.; Garrod Invs., Inc. v. Schlegel,* 139 S.W.3d 759, 765 (Tex. App.-Corpus Christi 2004, no pet.) (following *McConnell* ); *McCord v. Dodds,* 69 S.W.3d 230, 232 (Tex. App.-Corpus Christi 2001, pet. denied) (same). Because Mercier failed to specifically address the elements of each cause of action on which he claimed fact issues existed and because he failed to expressly present any issues precluding summary judgment in his written response, Mercier did not raise any fact issues precluding summary judgment.

Under well-settled Texas law, Appellants waived their Issues 1, 2, 3, 4, 6 and most of 5. The specific circumstances of each instance of waiver are discussed below.

### B.    Appellants' First Issue: Whether a court may issue an order when relief granted does not comport with relief requested.

Appellants' brief challenges Judge Triana's severance order as being vague, indefinite and exceeding the scope of the relief State Farm sought, but does not

articulate why summary judgment should be reversed on the mold claim. Moreover, even if the complaint about severing claims was pertinent here, Appellants failed to raise these issues issue in their motion for continuance (C.R. 628-632) or motion to set aside grant of summary judgment (C.R. 716-721). They waived this issue by failing to raise it in the trial court. Appellants are also simply wrong about the order being fatally vague and not complying with the relief sought.

1. **Tex. R. Civ. P. 41 allows a trial court to grant a severance on its own initiative**

The argument that the severance order varies from the relief sought does not state a ground for reversal of a separate summary judgment order. Tex. R. Civ. P. 41 allows a trial court to grant a severance on its own initiative. Therefore, even if Judge Triana's May 22, 2013 severance order did not "conform" to the relief State Farm sought (which, as demonstrated below, is not the case), Appellants have no basis for complaint.

2. **Judge Triana's May 22, 2013 order granted the relief requested in State Farm's Motion to Sever and Abate Extra Contractual Claims. The only claims abated by the order were claims against State Farm in the auto case.**

In *Lone Star Cement Corp. v. Fair,* the Texas Supreme Court made clear that construction of an order should be based upon the pleading upon which the disputed order was issued as well as conduct of the parties and the trial court after the issuance of the order: "We hold that the order and record considered as a whole as well as

13

the conduct of the parties and trial court subsequent to the order dictate a construction contrary to that of the Court of Civil Appeals." *Id.* at 405. As shown below, the record of the May 22, 2013 hearing (*see* 052213 RR 07:14-08:03 & 23:02-07) and the October 24, 2013 hearing (*See* 102413RR 13:02-15:19), as well as Appellants' subsequent conduct in this suit (filing their own motion to abate (C.R. 103-110)) all demonstrate that the only matters abated by the May 22, 2013 order were claims against State Farm in the auto case.

### a. State Farm unambiguously moved for the original case to be severed into an auto case and a homeowner's case

Nothing in State Farm's motion to sever could be read as seeking abatement of any portion of the mold claim. Faced with unrelated claims about auto accidents in 2010-2011 and a 2002 mold claim, State Farm asked that the case be severed into two causes: an auto case and a homeowner's case. Because the liability and underinsured status of the other driver had not yet been established, State Farm requested an abatement of the contractual and extra-contractual claims against State Farm in the auto case only, relying on the Texas Supreme Court's holding that UM/UIM claims are not even "presented" until a policyholder had established that the other driver (in this instance, Gerald Krouse) was both liable and underinsured.[4]

---

[4] *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818-19 (Tex. 2006) ("under Chapter 38, a claim for UIM benefits is not presented until the trial court signs a judgment establishing the negligence and underinsured status of the other motorist.")

The Prayer of State Farm's Motion to Sever and Abate Extra Contractual

Claims asked:

> WHEREFORE, PREMISES CONSIDERED, State Farm requests that this Court sever the Auto claims of Plaintiffs (specifically the tort action to determine the liability and damages under Plaintiffs' UM/UIM coverage and the breach of contract and extra-contractual claims related to the automobile claims), and make those severed claims the subject of a separate lawsuit. By granting this part of the motion the Court would separate the case into one action involving the homeowners claims and one action involving the auto claims. Finally, State Farm asks that within that severed lawsuit (involving the auto claims) the Court abate the breach of contract and extra-contractual claims related to the automobile claims. State Farm also asks for such other and further relief to which it may show itself justly entitled.

(C.R. 36).

There can be no question as to what State Farm sought in its motion.

### b. The May 22, 2013 order abated claims against State Farm in the auto case only.

The trial court's May 23, 2013 Order reads as follows:

<u>ORDER</u>

On this date came on to be considered Defendant State Farm Lloyds Motion to Sever and Abate Plaintiffs' Extra-Contractual Claims. The Court has considered the Motion and the authorities cited therein, and is of the opinion that the Motion should in all things be GRANTED.

Accordingly, it is hereby ORDERED that Defendant's Motion to Sever and Abate Plaintiffs' Extra-Contractual claims is Granted.

It is further ORDERED that Plaintiffs' "Auto Claims" (specifically the tort action to determine the liability and damages under Plaintiffs' UM/UIM coverage and the breach of contract and extra-contractual claims related to the automobile claims) shall be severed and made the subject of a separate lawsuit. Defendant further requests that as part of

the severance, this Court abate the breach of contract and extra-contractual claims within the "Auto claims" suit until after the Court has rendered a judgment in this cause which concerns solely the suit to determine the amounts owing under the UM/UIM coverage in Plaintiffs' auto policies.

Accordingly, Plaintiff's "Auto claims" are SEVERED and shall be docketed separately by the Clerk of the Court and assigned the Cause No. D-1-GN-13-001724. The items to be included in the new cause are identified in Exhibit #1 to this order and the cause [sic] of severance is taxed against Defendant State Farm Lloyds.

**It is further ORDERED that the contract and extra-contractual claims within the "Auto claims" suit are hereby abated until the judgment on the UM/UIM coverage has been determined**.

(C.R. 49). [emphasis added].

As shown in bold above, the only claims abated by the May 22, 2013 order are within the auto suit. The order granted the relief State Farm sought.

### c. The record confirms Judge Triana only abated claims in the auto case.

State Farm agrees that "The pleadings and order must be interpreted together." *See* Appellants' brief at page 11. State Farm likewise agrees that "Generally, an ambiguous order may be construed in light of the motion upon which it was granted . . . ."*Id. citing Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404 (Tex. 1971). *See also Point Lookout West v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1988) ("The entire content of the written instrument and the record should be considered."). The record of the May 22, 2013 hearing shows that Judge Triana only abated claims in the auto case:

MR. KAYE: Three different autos. And so what we're asking the Court to do is separate these into two lawsuits, the homeowners lawsuit and an auto lawsuit.

THE COURT: Okay.

MR. KAYE: And --

THE COURT: And what would I abate?

MR. KAYE: So within the auto lawsuit, we would ask that the extracontractual claims be abated until the straightforward personal injury action against Mr. Krouse, liability and damages, be resolved.

052213 RR 07:14-08:03.

* * *

THE COURT: So at this time as to the motion -- State Farm's Motion to Sever and Abate, I am going to grant the Motion to Sever the one homeowners mold case from the three auto accident cases. And then I will order that the extracontractual claims be abated until after we have the regular auto accident cases.

052213 RR  23:02-07

> **d.** **At the October 24, 2013 hearing on State Farm's Motion for Entry of Scheduling Order, Judge Jenkins explained that there was no abatement of any part of the homeowner's case**

During the October 24, 2013 hearing on State Farm's Motion for entry of Scheduling Order, when Appellants' counsel argued that no discovery was allowed because the homeowner's case was abated, (102413 RR 10:19-13:01), the Hon. Scott Jenkins explained that Judge Triana's severance Order did not abate anything in the homeowner's case.  Appellants' counsel, Veronica Davis, indicated that she understood:

> THE COURT: Okay. Thank you. I think there has been a misreading of the order actually -- and I don't mean to pick on you, Ms. Davis -- but by you. And frankly, the first time I read it, I did not understand it either,

17

but now I'm rereading it in light of your argument and I believe I do understand it. Do you have it in front of you?

MS. DAVIS: Yes, Your Honor, I do.

THE COURT: You see, what they did was they severed all of the auto claims into the other case, and they severed both the underlying extent of injury claim and the breach of contract and extracontractual claims in the auto claim; in other words, that any claim you have for bad faith or violations of the Insurance Code for failure to properly process the auto claim, they are still together in the same lawsuit. And the judge, Judge Triana, signed an order which put all of those claims, the underlying extent of injury in the auto accident and the additional breach of contract and extracontractual claims about that auto accident and State Farm's responsibility to pay in that other lawsuit keeping all of the mold claims and other claims you have against State Farm in this lawsuit. And what Judge Triana abated was not all of these claims about mold, et cetera in this lawsuit, but I see here she abated only a portion of the other lawsuit. So neither suit is completely abated. Only the other suit is partially abated. And the portion that is abated is the breach of contract and extracontractual claims that are within the auto claims lawsuit.

*See* 102413 RR at 13:02-14:06 (C.R. 231-233).

State Farm's interpretation of the order is consistent with the holding in *Lone Star Cement*:

We hold that the order and record considered as a whole as well as the conduct of the parties and trial court subsequent to the order dictate a construction contrary to that of the Court of Civil Appeals.

*Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 405 (Tex.1971). *See also In re Bill Heard Chevrolet*, 209 S.W.3d 311, 315 (Tex. App.-Houston [1st Dist.] 2006, no pet.)("Therefore, to be effective, all orders and rulings must be made on the record either in writing or in open court transcribed by the court reporter. *See* TEX.R.APP.

P. 33.1(a)(2)")[5].   Appellants' complaints about the severance order, while incredulous in light of the dialogue at the October 24, 2013 hearing, are merely a sideshow. They have nothing to do with whether the summary judgment entered in State Farm's favor should be affirmed or reversed.  They are also completely lacking in merit.

**C.** ***Appellants' Second Issue:  Whether a Scheduling Order which is in all things void may control deadlines emanating from said order.***

Appellants second issue seizes upon an obvious typograpical error in arguing that the October 24, 2013 scheduling order is void. Judge Jenkins accidentally dated his signature October 24, 2014 (a year into the future at the time it was signed).  No reasonable party could have been confused by this error.  Appellants have not even alleged confusion, surprise, or harm resulting from the typographical error. Appellants failed to raise this issue in their motion for continuance (C.R. 628-632) or motion to set aside grant of summary judgment. (C.R. 716-721).  They have failed

---

[5] Even if the May 22, 2013 severance order was ambiguous, Judge Jenkins' ruling cured any ambiguity:

> In contrast to Rule 329b, Rule 41 has no such requirement that a severance be determined "by *written* order." Tex. R. Civ. P. 41, 329b (emphasis added). Furthermore, unlike Rule 329b, which requires a motion for new trial to be granted in writing before the relevant time period expires, nothing in Rule 41 requires a severance order to be in writing and signed before the remaining case is submitted to the trier of fact.

*Nichols v. Nichols*, 331 S.W.3d 800, 804 (Tex. App.—Fort Worth 2010, no pet.).

to preserve error under T.R.A.P. 33.1 and Tex. R. Civ. P. 166a (c) and have waived this complaint. Independently, a trial court's minor clerical error does not render an otherwise valid discovery order void. Cire v. Cummings, 134 S.W.3d 835, 844 (Tex. 2004). An obvious clerical error does not void an other wise valid order. Ex parte Benitez, 590 S.W.2d 704, 707 (Tex.1979).

Regardless of the enforceability of the written order itself, the record of the hearing (102413 RR at 13:02-15:19 & C.R. 231-233) is itself enforceable:

> One exception to the general rule exists. An order pronounced in open court is considered "rendered" when it is officially announced, and it is valid from that time forward, so that formal entry is only a ministerial act. *Dunn v. Dunn,* 439 S.W.2d 830, 832 (Tex.1969); *UMC, Inc. v. Arthur Bros., Inc.,* 626 S.W.2d 819, 820 (Tex.App.-Corpus Christi 1981), writ ref'd n.r.e., 647 S.W.2d 244 (Tex.1982). Therefore, to be effective, all orders and rulings must be made on the record either in writing or in open court transcribed by the court reporter. *See* TEX.R.APP. P. 33.1(a)(2).

*In re Bill Heard Chevrolet*, 209 S.W.3d 311, 314-15 (Tex.App.—Houston [1st Dist.] 2006, no pet.).

Further**,** in the absence of a valid scheduling order, the case would have been governed by Level 2 discovery deadlines, under which both the discovery period and Appellants' expert deadline would have passed by the time of the hearing on State Farm's Motion for Summary Judgment. Appellants have never argued, in the trial court or in the briefing in this Court that they were prevented from taking discovery or faced any impediment to marshalling their proof.

State Farm sent Appellants a Request for disclosure on February 23, 2013. Appellants' response was due on April 1, 2013. (C.R. 41). Tex. R. Civ. P. 190.3(b)(1)(B) states:

> All discovery must be conducted during the discovery period, which begins when suit is filed and continues until:
>
> (A) 30 days before the date set for trial, in cases under the Family Code; or
>
> (B) **in other cases, the earlier of**
>
> (i) 30 days before the date set for trial, or
>
> (ii) **nine months after the earlier of the date of the first oral deposition or the due date of the first response to written discovery**.
>
> * * *

Tex. R. Civ. P. 195.2 states:

> **195.2. Schedule for Designating Experts**
>
> Unless otherwise ordered by the court, a party must designate experts--that is, furnish information requested under Rule 194.2(f)--by the later of the following two dates: 30 days after the request is served, or-
>
> (a) with regard to all experts testifying for a party seeking affirmative relief, 90 days before the end of the discovery period;
>
> (b) with regard to all other experts, 60 days before the end of the discovery period.

Even if the typo rendered the scheduling order void, the discovery period ended on January 1, 2014 (prior to the discovery cutoff in the order that Appellants now contend is void). Last, Appellants failed to articulate any harm from the

allegedly void order or point out how the summary judgment is improper if the

scheduling order is void.

> **D.** ***Appellant's Third Issue: Whether the refusal to grant an extension of time to designate experts, or modify a docket control order or abate a matter constitutes an abuse of discretion or denial of equal protection under the law.***

Appellants failed to raise the matters presented in their third issue in their

motion for continuance (C.R. 628-632) or motion to set aside grant of summary

judgment (C.R. 716-721). They failed to preserve error under T.R.A.P. 33.1 and

Tex. R. Civ. P. 166a (c)[6]. Further, Appellants have not shown any harm from the

trial court's refusal to extend time to designate experts, modify the docket control

order or abate the lawsuit. Appellants never presented evidence supporting their

medical claims as ordered by Judge Jenkins in his October 24, 2013 scheduling

order. Therefore, the refusal of the trial court to extend their deadline, even if error,

would be harmless:

> Neither on appeal nor in their motion do appellants explain that they exercised due diligence in obtaining the additional discovery needed. *See* TEX.R. CIV. P. 252; *see also Risner v. McDonald's Corp.,* 18 S.W.3d 903, 909 (Tex. App.--Beaumont 2000, pet. denied). In fact, any due diligence argument is likely undermined by the amount of time that

---

[6] In addition, because orders on motions to abate are not final appealable orders, mandamus is the appropriate avenue by which a party may seek review of a trial court's order denying abatement. *In Re State Farm Mutual Automobile Insurance Company*, 395 S.W.3d 229, 236-37 (Tex. App. – El Paso, orig. proceeding). In this case, Davis did not seek the remedy of mandamus in connection with her complaint of the trial court's ruling on her motion to abate (or the May 22, 2013 order granting State Farm's abatement request). Consequently, failure to timely seek the remedy of mandamus constitutes waiver of these issues. *In Re Lexington Insurance Co.*, 2004 WL 210576, *5 (Tex. App. – Houston [14th Dist.], orig. proceeding [mand. denied]).

22

passed between the exclusion of the expert testimony and the trial court's final judgment.

*Schronk v. Laerdal Medical Corp.*, 440 S.W.3d 250, 264 (Tex. App.--Waco 2013, review denied).

But there was no error in the first place. Tex. R. Civ. P. Rule 193.6 provides:

(a) *Exclusion of Evidence and Exceptions.* A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:
(1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or
(2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

TEX. R. CIV. P. 193.6(a).

Appellants repeatedly failed to produce evidence in support of their claims (C.R. 41, 47, 55) and failed to comply with the trial court's October 24, 2013 Order directing them to produce evidence in support of their claims by January 15, 2014. On January 15, 2014 Appellants filed a Motion for Extension of Time to Designate Experts, seeking two additional months. (C.R. 101-102). Appellants did not set their motion for hearing. Two months passed and Appellants still failed to disclose their experts or produce expert affidavits. On March 28, 2014 State Farm filed a Motion to enforce scheduling order, pointing out that Appellants had not offered any

evidence establishing good cause for their failure to comply with the Court's scheduling order. (C.R. 132-137).

At the April 17, 2014 hearing on the Motion to enforce scheduling order, the Hon. Tim Sulak questioned Veronica Davis at length about her failure to comply with the scheduling order and whether there was good cause for her failure to comply. She admitted that there was nothing preventing her from complying with the order and acknowledged that the myriad excuses she offered for her failure to produce anything in the six months that followed Judge Jenkins' order were all hypothetical concerns about future medical events she thought "might" happen. 041714RR 30:22-39:21. Judge Sulak's April 18, 2014 order denying Appellants' motion to extend time and motion to abate was not an abuse of discretion.

Appellants next argue, at page 16 of their brief:

> Although the Appellee cites that Appellant produced no records with respect to its claims, Appellant produced a medical authorization allowing the production of records. The docket control sheet lists a myriad of records obtained by Appellee in connection with said authorization.

Appellants failed to raise this issue in their motion for continuance (C.R. 628-632) or motion to set aside grant of summary judgment. (C.R. 716-721). Appellants failed to show the existence of any records raising a fact question to defeat summary judgment. (C.R. 715-719). Appellants failed to produce an expert disclosure, expert affidavits or any evidence to support their damages claim. The record does not

contain a medical authorization. Appellants waived any complaint based on the existence of a "medical authorization." Moreover, a medical authorization is not evidence of damages and would not create a fact question. The "docket control sheet" that "lists a myriad of records obtained by Appellee" (*See* Appellants brief at 16) does not demonstrate the contents of those records and is insufficient to create a fact question to defeat summary judgment.

> **E.** **Appellants' Fourth Issue: Whether a court may refuse to grant a rehearing on a case in which Appellant has not been allowed the opportunity to be heard.**

Appellants failed to raise this issue in their motion for continuance (628-632) or their motion to set aside grant of summary judgment. (C.R. 715-719). They waived this complaint. Appellants fail to cite to the record to support their fourth point. Appellants fail to articulate the error in the trial court's rulings and although Appellants complain about manner in which the Travis County's central docketing system works, they fail to show that the system is in violation of Tex. R. Civ. P. 329(b) or why the matter they complain of requires reversal.

> **F.** **Appellants' Fifth Issue: Whether the court committed reversible error in granting summary judgment to Appellee.**

Appellants failed to raise in the trial court and therefore waived the arguments that: (1) the grounds for summary judgment were actually pleading deficiencies and should have been objected to my special exception; (b) the argument in the motion for summary judgment constitutes an admission that shows the existence of an

insurance policy; (c) adequate time for discovery had not passed and they needed additional time to conduct discovery; (d) the summary judgment proof was improper. The arguments that they did raise -- inadequate notice of the hearing, a conflict preventing Veronica Davis from appearing at the hearing, and an inability to participate at the hearing constituting a denial of due process -- are meritless.

1. ***The hearing was properly noticed, Appellants admit they received notice of the hearing and, after receipt of notice, Appellants' agreed that the hearing could proceed as noticed***

a. **Defendant's Motion for Summary Judgment was timely filed and served**

Defendant's motion was timely filed and electronically served on Plaintiff via e-file on May 14, 2014. (C.R. 643-644). This method of service completed proper service under Tex. R. Civ. P. 21a(a)(1) and 21a(b)(3)("electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party.") This proof of electronic service is alone sufficient to resolve this issue.

Further, State Farm went to the added expanse of having a process server hand deliver the Motion for Summary Judgment to Veronica Davis's office. (C.R. 645-649)[7]. As explained by the process server's affidavit, the motion was delivered to

---

[7] This additional precaution was taken because for a year and a half of litigation, Appellants' fax machine almost never accepted faxes from State Farm's counsel (although it was capable of

26

the address shown on Plaintiffs' pleadings on May 14, 2014. (C.R. 645-649). Tex. R. Civ. P. 21a states that "the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service." The rule also states "nothing herein shall preclude any party from offering proof that the notice or instrument was not received . . .and upon so finding, the court may extend the time for taking the action required . . ." *Id.*

Appellants failed to offer proof that they had not received the notice (C.R. 628-634) or to obtain a finding by the trial court that they had not received timely notice. Therefore, even if the process server's affidavit was the only method of service, Appellants failed to rebut State Farm's prima facie evidence of service[8]. Ms. Davis was timely served with notice of the hearing by two independently sufficient methods. Appellants' arguments to the contrary defy reason.

> **b.    There was No conflict Preventing Veronica Davis from Attending the June 5, 2014 Summary Judgment hearing. In fact, she agreed to that hearing date.**

---

sending faxes frequently). It was apparent that the machine was turned off so that service could not be accomplished by fax. Appellants likewise evaded certified mail throughout this entire case. After having called the number listed on Plaintiffs' petition, asking when someone would be available to accept the motion and being told at 3 p.m, the process server went to the address at 3 p.m. and knocked on the door. He waited for thirty minutes, but nobody answered the door, so he left the package containing the motion at the address. (C.R. 645-649).

[8] Even if Appellants had rebutted the prima facie evidence, the rule allows, but does not require, the trial court to extend time if it makes the requisite finding.

Because Appellants' own motion for continuance (C.R. 628-634) included an attachment showing that Appellants had agreed to the hearing date, there is no basis for Appellants' contention that the court's refusal to grant the continuance was an abuse of discretion. After receiving timely notice of the June 5, 2014 hearing as detailed above, Ms. Davis initially contended she was unavailable due to a trial setting in Federal Court on June 4.  When State Farm's counsel asked Ms. Davis to provide the case style of the federal court case[9], Ms. Davis refused to do so and instead consented in writing to the summary judgment hearing date:

"you may proceed with SJ."

*See* May 29, 2014 Veronica Davis email to Edward Kaye, attached to Appellants' Motion for continuance. (C.R. 634 and C.R. 641-642).

> **2.** ***Inability to Participate/Denial of Due process refusal to grant Continuance.***
>
> **a.** **Appellant's Contention that She Tried to "Call in" to the hearing is irrelevant**

State Farm moved for summary judgment on "no evidence" grounds. Appellants neither timely filed a response nor attached controverting proof to their

---

[9] The public records of the United States District Clerk for the Southern District of Texas (Houston Division) show that a judgment was entered against Veronica Davis on June 2, 2014.  *See* June 2, 2014 Judgment in *Veronica L. Davis v. Toyota Motor Credit a/k/a Toyota Financial Services,* Civil Action No. H-12-0287 in the United States District Court for the Southern District of Texas. Thus, there was no conflict preventing Ms. Davis from appearing at the hearing in this case three days later on June 5, 2014.

28

motion for continuance or stated in the continuance motion why they had not been afforded adequate time for discovery. (C.R. 628-634). Thus, there was no error in granting the summary judgment or failing to continue the hearing.

**b.** **Appellants' Motion to set aside grant of summary judgment did not contain any evidence or seek leave to file an untimely response to State Farm's summary judgment.**

Appellants failed to present any evidence to controvert State Farm's Motion for Summary Judgment. Appellants cite to an affidavit that alleges Ms. Davis attempted to "call in" to the summary judgment hearing on June 5. *See Appellants' brief* at 29. Her affidavit does not contain any evidence controverting the summary judgment proof offered by State Farm, nor does it allege that she would have sought leave at the hearing to introduce controverting evidence. Since the hearing itself was not an evidentiary proceeding, Davis's affidavit does not support reversal. "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *Tex. R. Civ. P*. 166a (i).

Davis's affidavit also states

"I called back and spoke with a person named Abthy [sic]. I asked what was the court designation that the matter would be heard in. She asked why I was calling and I told her for phone participation in the hearing. She put me on hold to check which courtroom the case would be heard in after advising me of the central docket system. I was on hold from 1:57 p.m. to 2:15. No one ever came back to the telephone. At 2:15, I hung up and called back. I got no answer."

(C.R. 731). The record does not reflect any conference or agreement for Appellant to participate in the hearing by telephone. Veronica Davis's affidavit attached to the motion to set aside grant of summary judgment shows a lack of diligence. Calling a busy courthouse a few minutes before a hearing without having previously arranged with the court to participate by telephone (and without even telling opposing counsel), yet expecting to be put directly through to a hearing is neither reasonable nor prudent. The affidavit admits facts showing that the courthouse staff was attempting to put her through to the courtroom, but Ms. Davis hung up. Finally, although the affidavit (sworn almost month after the hearing date) states that she was "calendared" for a trial in Federal court (C.R. 731), Appellants' brief admits that Appellant did not have a matter set for trial in federal court on June 5, 2014. *See Appellants' Brief* at 28.

> **c.** **Appellants failed to allege or demonstrate a need for additional time to produce the evidence required to controvert State Farm's Motion.**

Appellants argue that they could not respond to the summary judgment because they did not have adequate time for discovery and that refusal to grant a continuance was error. Appellants failed to raise this argument in their motion for continuance (C.R. 628-632); in that motion, they sought additional time, but did not allege or demonstrate that they had not already had adequate time for discovery, or in their Motion to set aside grant of summary judgment. (C.R. 716-719). Therefore,

they waived this complaint.  Moreover, Appellants are simply incorrect.

Texas Rule of Civil Procedure 166a(i) provides

After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

*Id*

In *Madison v. Williamson,* 241 S.W.3d 145, 155 (Tex. App.-Houston [1st Dist.] 2007, pet. denied), the First Court of Appeals discussed the factors used to evaluate whether adequate time for discovery had passed:

"Whether a nonmovant has had adequate time for discovery under rule 166a(i) is case specific." *Rest. Teams Int'l, Inc. v. MG Sec. Corp.,* 95 S.W.3d 336, 339 (Tex.App.-Dallas 2002, no pet.). Rule 166a (i) does not require that discovery must have been completed, only that there was "adequate time." *Specialty Retailers, Inc. v. Fuqua,* 29 S.W.3d 140, 145 (Tex. App.-Houston [14th Dist.] 2000, pet. denied). To determine whether adequate time for discovery has elapsed, we examine such factors as: (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery already completed; and (7) whether the discovery deadlines in place were specific or vague. *Brewer & Pritchard, P.C. v. Johnson,* 167 S.W.3d 460, 467 (Tex.App.--Houston [14th Dist.] 2005, pet. denied); *Rest. Teams Int'l, Inc.,* 95 S.W.3d at 339; *McMahan v. Greenwood,* 108 S.W.3d 467, 498 (Tex.App.--Houston [14th Dist.] 2003, pet. denied); *Martinez v. City of San Antonio,* 40 S.W.3d 587, 591 (Tex. App.-San Antonio 2001, pet. denied). We review a trial court's determination of whether an adequate time for discovery has passed under an abuse of discretion standard.

31

*Fuqua,* 29 S.W.3d at 145. A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner "without reference to any guiding rules or principles." *Garcia v. Martinez,* 988 S.W.2d 219, 222 (Tex.1999).

Madison's lawsuit had been on file for over one year at the time the trial court granted summary judgment. The trial court also extended the discovery period on one occasion, and allowed Madison to file additional summary judgment evidence late. Furthermore, Madison made no effort to specify the additional evidence she needed to respond to the motion, or the reason she could not obtain it during the discovery period. *See* TEX.R.APP. P. 166a(i) cmt ("A discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary, and ordinarily a motion under paragraph (i) would be permitted after the period but not before.").

*Madison v. Williamson,* 241 S.W.3d at 155-156.

Appellants' lawsuit had been on file for a year and a half when the summary judgment was granted. The scheduling order they complain about was entered eight months before the date of the summary judgment. Appellants failed to seek leave to introduce any evidence in their motion for continuance (C.R. 628-634) or their motion to set aside grant of summary judgment (C.R. 716-732). They likewise failed to specify the evidence they needed or articulate any barrier to obtaining the evidence they needed to raise a fact question.[10] Appellants' motion for continuance merely stated:

---

[10] The chronology of the case in State Farm's Response in opposition to Appellants Motion for Continuance is illustrative of the ample opportunity Appellants had to produce evidence to raise a fact question. (C.R. 636-639).

Continuance should be granted so that further Plaintiff may further participate in the discovery process. Additional discovery is needed by Plaintiff in this cause to respond to the allegations contained in Defendant's summary judgment motion.

(C.R. 632)[11].

In *Davis v. West*, 317 S.W.3d 301, 313-14 (Tex. App.-Houston [1st Dist.] 2009, no pet.), the court affirmed summary judgment against Veronica Davis, overruling the same argument she urges here:

> Davis also argues on appeal that Rule 166a (i) states that a no-evidence motion for summary judgment may be filed "after an adequate time for discovery." TEX.R. CIV. P. 166a (i). Davis contends that she did not have an adequate time for discovery in light of health problems she encountered while the case was on file. However, Davis waived any objection to an inadequate time for discovery by failing to file an affidavit explaining the need for further discovery or a verified motion for continuance.

---

[11] Appellants' Motion for Continuance was not properly verified. Appellant swore to the content of the <u>verification,</u> but not that the information in the <u>motion</u> was true and correct:

> "My name is Veronica L. Davis. I am Plaintiff Pro Se and attorney for Plaintiff James A. Davis. I have read the information contained in this Verification and the information contained herein is true and correct to the best of my knowledge."

(C.R. 633). The facts alleged in the motion for continuance are not verified and Appellants have waived their complaint. See *Flores v. Flores*, 225 S.W.3d 651, 654-55 (Tex. App.—El Paso 2006, pet. denied). (When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. Plaintiffs did not file either one. Plaintiffs have waived their argument regarding an adequate time for discovery.)

*Flores v. Flores*, 225 S.W.3d 651, 654-55 (Tex. App.—El Paso 2006, pet. denied).

Appellants here likewise failed to explain the need for further discovery in their motion for continuance (C.R. 628-634).

### 3. *Improper Summary Judgment Evidence*.

Appellants complain at page 33 of their brief that the attachment of hearing transcripts and orders in this case is a violation of Tex. R. Civ. P. 166(a)(d). Appellants failed to raise this issue in the trial court. (C.R. 628-32 and C.R. 716-721). Further, because those transcripts and orders are not discovery products and are on file with the clerk, Appellants' complaint is wrong. Appellants further complain that "Most of the documents attached . . .is [sic] not referenced in the motion and has nothing whatsoever to do with the motion itself." *See* Appellants' brief at 33. Appellants fail to articulate how there could be any harm from any such attachments, regardless to their relevance to the relief sought.

Appellants argue that when State Farm's motion for summary judgment pointed out the items on which Appellants failed to meet their burden of proof, all State Farm was doing was complaining of "pleading deficiencies" and that State Farm should have specially excepted to them rather than moving for summary judgment. (*See* Appellants' brief at 33). This objection, too, was waived. Texas law is clear that if a defendant files a motion for summary judgment when it should have filed special exceptions, the plaintiff must object to the motion for summary

judgment on the ground that it is an attempt to circumvent the special exception practice. If the plaintiff does not object, the issue is waived:

> [t]here being no complaint in the trial court that the attack upon the pleading defect came in the form of a motion for summary judgment rather than special exception," this matter could not be raised for the first time on appeal. *Farrell v. Crossland,* 706 S.W.2d 158, 160 (Tex.App.—El Paso 1986, writ dism'd). The trial court must be given a fair opportunity to correct any error. Appellants have waived their special exceptions and verified pleadings arguments by their failure to preserve these arguments for review.

*Dickey v. Jansen*, 731 S.W.2d 581, 583 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) Appellants failed to raise this issue in their Response in opposition to summary judgment (C.R. 628-633) or in their Motion to set aside grant of summary judgment (C.R. 716-720). The argument is also substantively wrong. As plaintiffs with the burden of proof, Appellants had an affirmative obligation to bring forth evidence in order to controvert State Farm's "no evidence" summary judgment motion. They failed to do so. Appellants sued State Farm, contending its handing of their mold claim injured James Davis; State Farm was under no obligation to specially except to this allegation as a predicate to asking Appellants to show more than a scintilla of evidence to support such a claim.

### 4. *Party Admission.*

Appellants argue that State Farm's motion for summary judgment itself is an admission that Appellants had a State Farm homeowner's policy. Appellants failed to raise these issues issue in their motion for continuance (C.R. 628-632) or motion

to set aside grant of summary judgment (C.R. 716-721).  Thus they have waived this complaint. Substantively, whether Appellants had a State Farm policy in 2002 does not state a reason for reversal because Appellants failed to adduce any evidence that State Farm denied a claim under a policy. In fact, Appellants admit at page 34 of their brief that there is no evidence State Farm denied James Davis's claim:

> Appellee acknowledges that James was a minor at the time and thereby states that he had two years from that date to file suit.  He provides no summary judgment evidence, however, of the alleged denial of the claim.

*See* Appellants' brief at 34.

Finally, a judicial admission that a policy existed would not satisfy Appellants' burden of proof: "An insured cannot recover under an insurance policy unless facts are pleaded and proved showing that damages are covered by his policy." *Comsys Information Technology Services, Inc. v. Twin City Fire Ins. Co.,* 130 S.W.3d 181, 198 (Tex.App.–Houston [14 Dist.] 2003, review denied).;*Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex.1995) (pleadings are not summary judgment evidence).  Appellants failed to offer proof of the terms of the policy, a denial or underpayment of a claim, injury or damages from the handling of such a claim or any acts or omissions by State Farm.

**5.** *Attorneys affidavit in support of summary judgment.*

Appellants argue at page 39 of their brief that State Farm's counsel should "in all things be disqualified." They fail to argue how the affidavit they complain about harmed them or show that its existence requires reversal of the summary judgment.

**G.** ***Appellants' Sixth issue: Whether the court erred in allowing irrelevant information to support a denial of an extension when said information, pleadings, and argument are violative of the Rules of Professional Conduct for Attorneys.***

Appellants failed to raise this topic in a response to the motion for summary judgment, in their motion for continuance (C.R. 628-632) or motion to set aside grant of summary judgment (C.R. 716-721). Thus they have waived this complaint. Appellants also fail to show how this mater creates a fact question defeating summary judgment. The information Appellants' complain about is correspondence between Eddie Kaye and Veronica Davis regarding a hearing date and a filing from a case in Brazoria County that was attached to State Farm's Response to Appellants' Motion to Abate. (C.R. 249). The filing was a matter of public record. It demonstrated that Veronica Davis misrepresented her medical condition as an excuse to seek an abatement and as a reason to refuse to agree to any hearing date for the motion for extension of time to designate experts and that this was part of a pattern of delay:

-Feb. 20-21, 2014 Plaintiff has a trial setting and prepares a brief on a motion for reconsideration in Cause No.CIO48098 *Leroy*

37

*Stroman vs. Robert Tautenhan* in Harris County Court at Law no. 1. *See* Exh. "A";

-**Feb 25, 2014 Veronica Davis sets hearing on March 10, 2014 in her client's Motion for Reconsideration and application for attorneys fees in Cause No.CIO48098** *Leroy Stroman vs. Robert Tautenhan* **in Harris County Court at Law no. 1**;

-**Feb. 26, 2014 State Farm's counsel sends letter to Veroncia Davis seeking agreement to a date for a hearing** on Plaintiffs' Motion for Extension of time to designate experts during the week of March 17, 2014. *See* Exh. "B." **Veronica Davis responds in a letter stating (in part) "if you will review my request to abate this action, you will see that I am scheduled for cervical spine surgery on March 10, 2014. My motion further states that I had a couple of other surgeries that I was scheduling. I have no idea how you think I will be able to travel that soon after spinal surgery.**" *See* Exh "C."

*See* State Farm's Response in opposition to Plaintiffs' Motion to Abate. (C.R. 249). [emphasis in original]

Like all of Appellants' arguments, Issue 6 fails to present any legal basis for reversing the trial court's judgment.

## CONCLUSION

Appealing from a summary judgment, Appellants take the unusual approach of not even arguing that (a) fact issues should have precluded summary judgment or (b) that the trial court erred as a matter of law on how it evaluated the competing legal arguments. Appellants do not cite any evidence that they say should have precluded summary judgment. Instead, Appellants argue that they should not have

38

been required to introduce evidence or marshal proof in response to a "no evidence" motion for summary judgment, for a variety of bizarre and difficult to follow reasons. Despite Appellants' attempts to inject severed claims into this appeal and to portray themselves as victims of injustice at the hands of four Travis County district court judges, the record is conclusive that: Appellants filed claims they could not prove, fought every attempt to force them to reveal the basis for their claims, tried to change venue from the forum they selected when the noose began to tighten, failed to respond to a properly noticed motion for summary judgment, failed to appear at the hearing, and as a result had summary judgment granted against them. Their real complaint is that they failed in their attempt to extract a settlement without making a case. Their arguments on appeal defy even the most liberal sense of good faith advocacy. State Farm respectfully requests that the summary judgment be affirmed.

Respectfully submitted,

By:   /s/ Edward F. Kaye
J. Hampton Skelton
State Bar No. 18457700
hskelton@skeltonwoody.com
Edward F. Kaye
State Bar No. 24012942
ekaye@skeltonwoody.com
SKELTON & WOODY

248 Addie Roy, Bldg. B, Suite 302
Austin, Texas 78746
Telephone: (512) 651-7000
Facsimile: (512) 651-7001

***Counsel for Appellee State Farm
Lloyds***

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with Texas Rule of Appellate Procedure 9.4 because the brief contains 10,260 words, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(i)(1).

s/ Edward F. Kaye
Edward F. Kaye

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested on January 28, 2015, to the following counsel of record:

Veronica L. Davis
Attorney for Appellants
226 N. Mattson
West Columbia, Texas 77486
Facsimile: (979) 345-5461

*/s/* Edward F. Kaye
Edward F. Kaye

NO. 03-14-00546-CV

_____

IN THE THIRD COURT OF APPEALS

AUSTIN, TEXAS

_____

JAMES A. DAVIS & VERONICA L. DAVIS
Appellants,

v.

STATE FARM LLOYDS
Appellee.

_____

From the 345th District Court of Travis County, Texas;
Cause No. D-1-GN-12-004077

## APPENDIX
## CASE HISTORY

-2002              Plaintiff submits mold claim to State Farm.  State Farm pays over $17,000.00 to remediate Plaintiff's mold claim;

-Dec. 30, 2010     Veronica Davis involved in auto accident with Gerald Krouse;

-Dec. 28, 2012     Veronica Davis and James Davis file suit against State Farm Lloyds and Gerald Krouse alleging damages related to 2002 Homeowners policy claim as well as 3 separate auto policy claims arising out of accidents in 2010 & 2011;

-Feb. 23, 2013.    State Farm's answers and propounds a Request for Disclosure. Plaintiffs fail to respond and seek additional time.  State Farm agrees and grants extension.  Plaintiff fails to disclose expert evidence of damages related to mold or persons with knowledge of relevant facts related to mold related injuries;  State Farm files

1

a "Motion to Sever and Abate Extracontractual Claims." The Motion seeks to sever the case into two lawsuits—a homeowners case and an auto case. The Motion on seeks abatement of claims in the auto case. It does not seek abatement of anything in the homeowners case.

-May 22, 2013    Judge Gisela Triana grants State Farm Lloyds motion to sever lawsuit into "auto" case and "homeowners" case. Plaintiffs' extra-contractual claims for damages against State Farm in the auto case are abated until her UIM injury allegations against Gerald Krouse are decided; Plaintiffs' lawsuit against State Farm in homeowners case proceeds forward;

- June-Aug. 2013    State Farm continues to ask Plaintiff to produce evidence of damages related to mold. Plaintiff fails to identify any healthcare providers. Plaintiff says she is "gathering' information;

-August 2013    State Farm files a motion to compel Plaintiffs' responses to Request for Disclosure. Plaintiff agrees to produce evidence of damages related to mold and State Farm agrees to pass setting on motion to compel. Plaintiff fails to identify any healthcare providers related to mold;

- Sept. 26, 2013    State Farm files motion for entry of scheduling order requiring plaintiff to produce affidavit proof from healthcare providers supporting Plaintiffs' injury allegations in homeowners suit by Nov. 29, 2013. (C.R. 63-65);

- Oct. 24, 2013    Hearing before Judge Scott Jenkins on State Farm's motion for entry of scheduling order. Veronica Davis first argues that the entire lawsuit is abated until the Auto case is tried. She does not want to produce any evidence. Judge Jenkins explains to Veronica Davis that the abatement is only in the Auto case and that the Homeowners case is a separate lawsuit and none of her claims are abated. Veronica Davis next argues that she is "still in the gathering phase" of obtaining her own medical records. Veronica Davis argues she is going to have a medical procedure in early December that will incapacitate her. Judge Jenkins asks Veronica Davis to identify a date by which she can comply with

2

his order and designate experts. Veronica Davis responds "January 15, 2014";

-Dec. 16-20, 2013   Veronica Davis appears as counsel and tries a case in the matter Cause No.CIO48098 *Leroy Stroman vs. Robert Tautenhan* in Harris County Court at Law no. 1. (C.R. 253-60).

-January 15, 2014   Plaintiffs fail to comply with Judge Jenkins' order; Plaintiffs file Motion for Extension of time to designate experts seeking two additional months to produce evidence. Plaintiffs do not argue that the case is abated or that Judge Triana's severance order is void.

-February 1, 2014   Plaintiffs file Motion to Abate seeking 6 month abatement to "recuperate" from medical procedures. (C.R. 103-05). Veronica Davis attached (1) an affidavit in support of abatement stating that she has "announced her retirement" (C.R. 109) and (2) a "Procedural Consent Form" (C.R. 107) for a discectomy to be performed on March 10, 2014;

-Feb. 20-21, 2014   Plaintiff has a trial setting and prepares a brief on a motion for reconsideration in Cause No.CIO48098 *Leroy Stroman vs. Robert Tautenhan* in Harris County Court at Law no. 1. (C.R. 254, 283);

-**Feb 25, 2014**   **Veronica Davis sets hearing on March 10, 2014 in her client's Motion for Reconsideration and application for attorneys fees in Cause No.CIO48098 *Leroy Stroman vs. Robert Tautenhan* in Harris County Court at Law no. 1. The file stamp shows she filed it on Feb. 25, 2014. (C.R. 543)**;

-**Feb. 26, 2014**   **State Farm's counsel sends letter to Veronica Davis seeking agreement to a date for a hearing** on Plaintiffs' Motion for Extension of time to designate experts during the week of March 17, 2014. (C.R. 296). **Veronica Davis responds in a letter stating (in part) "if you will review my request to abate this action, you will see that I am scheduled for cervical spine surgery on March 10, 2014. My motion further states that I had a couple of other surgeries that I was scheduling. I have**

**no idea how you think I will be able to travel that soon after spinal surgery.**" (C.R. 299).

-March 11, 2014    State Farm's counsel sets Plaintiffs' Plaintiffs' Motion for Extension of time to designate experts for hearing at 2:00 p.m. on March 27, 2014. Notice is sent to Plaintiff via email and certified mail return receipt requested.

-March 27, 2014    Plaintiff fails to appear at hearing on Plaintiffs' Motion for Extension of time to designate experts. Plaintiff supplied a phone number to the Court administrator's office in the morning of March 27 and stated that she would be available at that number to attend the hearing by telephone. Plaintiff's counsel fails to answer three separate attempts by Judge Triana's courtroom deputy to call her phone. Judge Triana orders hearing continued to March 11;

-April 11, 2014    State Farm's counsel agrees to reset hearing on Plaintiff's Motion for Extension of time, State Farm's Motion to Enforce Scheduling Order and Plaintiffs' Motion to abate to April 17, 2014.

--April 17, 2014    Veronica Davis admits under questioning from Judge Tim Sulak that she has not had any medical procedures that prevent her from participating in the case. Instead, she is still "considering" having procedures at some time in the future.

--April 18, 2014    Plaintiffs' Motion for Extension of Time to designate experts and Motion to abate denied. Defendant's Motion to Enforce Scheduling Order granted.

--May 14, 2014    Defendant's First Amended Motion for Summary Judgment filed and served on Appellee by electronic service and hand delivery during business hours to the address on Plaintiff's pleadings.

--May 4, 2014    Plaintiffs' Response to Summary Judgment/Motion for continuance filed

--May 5, 2014    Summary Judgment Granted.

--July 3, 2014    Plaintiffs' Motion to set aside grant of summary judgment filed

--August 2, 2014    Plaintiffs Motion to set aside grant of summary judgment denied.

--Sept. 2, 2014     Appellants' Notice of Appeal filed.

--Oct. 9, 2014      Appellants set Motion to set aside grant of summary judgment/Motion for Sanctions for hearing in the Travis County District Court in Cause No. D-1-GN-12-004077 (the homeowners case which at the time was already on appeal.). *See* RR 101714, p1-10. Appellee's counsel sends an email objecting to the hearing and stating that if Veronica Davis proceeds State Farm will seek its fees.

--Oct. 16, 2014     Hearing on Appellants set Motion to set aside grant of summary judgment/Motion for Sanctions for hearing in the Travis County District Court in Cause No. D-1-GN-12-004077 (the homeowners case which at the time was already on appeal.). *See* RR 101714, p1-10. Appellants' motion is denied for lack of jurisdiction. *Id.*